[S. F. No. 5785.  Department One.—February 3, 1912.]

Z. T. IVES, Respondent, v. L. C. CONNACHER, as Administrator with the Will Annexed of the Estate of Anna Ives, Appellant.

DEED—WIFE AS CO-GRANTEE—PRESUMPTION OF SEPARATE PROPERTY NOT CONCLUSIVE BETWEEN HUSBAND AND WIFE.—Where a wife is named in a deed as a co-grantee with her husband, the presumption that she thereby acquired a separate property interest in the land conveyed, as declared by section 164 of the Civil Code, is not conclusive, in a controversy solely between the husband and the legal representative of the wife.

ID.—PURCHASE AND PART PAYMENT WITH COMMUNITY FUNDS—NOTE AND MORTGAGE FOR BALANCE — PART PAYMENT FROM SEPARATE PROPERTY OF WIFE.—Where the property so acquired was purchased and partly paid for with community funds, and a note and mortgage on the same, executed by the wife as well as the husband, are given to secure the unpaid balance, the property is community property, and its *status* as such is not changed by the mere fact that a part of the unpaid balance was subsequently paid from the separate property of the wife.

ID.—AGREEMENT TO TRANSMUTE COMMUNITY INTO SEPARATE PROPERTY.— The fact of such payment from the separate property of the wife does not necessitate an inference of an agreement between the husband and wife to transmute the community property so acquired into her separate property; it is rather to be presumed, nothing else appearing, that the money of the wife was advanced by her for the benefit of the community, to assist in discharging a lien on community property.

APPEAL from an order of the Superior Court of Fresno County refusing a new trial.  George E. Church, Judge.

The facts are stated in the opinion of the court.

E. E. Shepard, and James A. Burns, for Appellant.

J. A. Webb, for Respondent.

ANGELLOTTI, J.—This is an appeal from an order denying defendant's motion for a new trial in an action brought by plaintiff against the administrator with the will annexed of the estate of his deceased wife, to quiet his title to a lot of land

in Selma, Fresno County, being the west half of the southwest quarter, and the southeast quarter of the southwest quarter of section 31, township 15 S., range 21 E., M. D. M., the theory of plaintiff being that such property was community property of himself and wife at the time of her death, February 23, 1910, and that, therefore, the same belongs to him without administration. (Civ. Code, sec. 1401.)

Plaintiff and deceased intermarried December 27, 1903, and continued to be husband and wife to the time of her death. The property in question was purchased from the German Savings & Loan Society on March 6, 1906, and was occupied by the parties as a residence up to the time of the death of the wife. The purchase price was sixteen hundred dollars, payable one fourth cash, and the balance in one, two, and three years, with interest on the deferred payments. The evidence is such that we must assume, in view of the findings, that the first payment was made by plaintiff from community funds, fifty dollars as a cash deposit at the time of concluding the bargain, and three hundred and forty dollars on March 30, 1906. The receipt given for the cash deposit of fifty dollars, which also stated the terms of the purchase, named plaintiff as the party paying the money and named no other person as purchaser. A conveyance of the property, the same bearing date March 6, 1906, was thereupon executed and delivered by the German Savings & Loan Society to "Z. T. Ives and Annie Ives, his wife." This conveyance was recorded April 3, 1906. For the balance of the purchase price notes payable respectively one, two, and three years thereafter and signed by both Mr. and Mrs. Ives, were made and delivered to the grantor, and a mortgage of said property to secure the payment of said notes was also executed and delivered by them to said grantor. It was alleged in the complaint and not denied in the answer that while the title to the property was taken in the name of both plaintiff and wife, plaintiff did not intend thereby to make a gift thereof of any part of the real estate to the wife and did not in fact make such gift, and that there was no contract or agreement between them that the title of any of said property should vest in her as separate property, so that these facts must be taken as established. We shall assume that the evidence must be taken as showing without conflict that the first and second

notes, maturing in March, 1907, and March, 1908, respectively (being the second and third payments), were made from the proceeds of sales of some of the wife's separate property (being property owned by her before her marriage), which were on deposit in a bank to her credit. There is nothing to indicate that such payments were not made on the order of the wife herself, or that there was any agreement or understanding between the husband and wife whereby the character of any of the property as community or separate property might be affected by reason of the making of such payments from the separate property of the wife. The third note, being for the final installment of the purchase price, has not been paid.

The trial court found, in accord with the allegations of the complaint, that the property was purchased by plaintiff on or about March 6, 1906, "with the community funds of the plaintiff and his wife Annie Ives," and was community property of the husband and wife at the time of the latter's death, and therefore concluded, in view of the admitted fact as to their being no intent to make any gift to the wife and no gift in fact, that "the plaintiff is the owner in fee of the property and that defendant has no interest therein."

The real question on this appeal is whether upon the facts already stated, the finding that the purchase was made with community funds is sufficiently sustained by the evidence, by reason of the fact that the first and second notes were paid from the separate property of the wife (the money paid by plaintiff at the time of the purchase being community property), for all claims based upon the fact alone that the wife was named as a co-grantee in the deed are disposed of by the admissions shown by the pleadings, in view of the decisions of this court in *Fanning* v. *Green*, 156 Cal. 279, [104 Pac. 308], and *Fulkerson* v. *Stiles*, 156 Cal. 703, [26 L. .R. A. (N. S.) 181, 105 Pac. 966], this being a controversy solely between the husband and the legal representative of the wife and the presumption declared by section 164 of the Civil Code therefore not being conclusive. (*Fanning* v. *Green*, 156 Cal. 279, [104 Pac. 308].)

As we have seen, the deed for this property was actually delivered and the legal title vested in the purchasers upon the making of the first payment, and at least as early as April 3,

1906, notes secured by mortgage on the property being taken by the grantor for the balance due. The property was then acquired. All the money paid being community property and there being nothing, in view of the admissions made by the pleadings, warranting a conclusion from the fact that the wife was named in the deed as a grantee with her husband that she took any interest therein as her separate property, the mere fact that these notes and the mortgage were executed by the wife as well as the husband does not affect the question of community or separate property. (See *Flournoy* v. *Flournoy,* 86 Cal. 286, 293, [21 Am. St. Rep. 39, 24 Pac. 1012] ; *Martin* v. *Martin,* 52 Cal. 235.) The purchase having actually been consummated, the property acquired, and the legal title having vested, the property was then community property of the spouses. It cannot be disputed, we think, there where property is purchased and partly paid for with community funds and a note and mortgage on the same are given to secure the unpaid balance, the property is community property. We do not see how the *status* of this property as community property can be held necessarily to have been changed by the mere fact that the first two notes secured by the mortgage were paid from the separate property of the wife. Mr. Ballinger in his work on community property, in section 19, says: "The root or property source together with the time when acquired are alone looked to as the criterion to determine what property is or is not common. . . . Property once impressed with the community character retains that impress during the existence of the community, unless alienated or exchanged," etc. (See, also, *Noe* v. *Card,* 14 Cal. 577, 606; *Morgan* v. *Lones,* 80 Cal. 317, 319, [22 Pac. 253] ; *Carlson* v. *Carlson,* 10 Cal. App. 300, [101 Pac. 923].) It is, of course, settled in this state that a husband and wife may agree to transmute separate property of either into community property, or community property into separate property (see *Title Insurance & Trust Co.* v. *Ingersoll,* 153 Cal. 1, [94 Pac. 94]), but certainly no such agreement is necessarily to be inferred from the mere fact of such payments as are shown in this case. (See *Carlson* v. *Carlson,* 10 Cal. App. 300, [101 Pac. 923].) Rather is it to be presumed, nothing else appearing, that the money of the wife was advanced by her for the benefit of the community, to assist in discharging a lien on community property,

than that it was intended to give her a separate property-interest in the land.

In view of what has been said, it cannot be held that the findings complained of are without sufficient support in the evidence.

There is no other point material on this appeal discussed in appellant's brief.

The order denying a new trial is affirmed.

Shaw, J., and Sloss, J., concurred.