[Sac. Nos. 2106 and 2127. Department One.—November 30, 1914.]

## LOTTIE CURRIER CULLEN, Respondent, v. J. G. BISBEE, as Administrator of the Estate of Elias S. French, Deceased, Appellant.

HUSBAND AND WIFE—COMMUNITY PROPERTY—GIFT TO WIFE.—A husband may, orally or in writing, make to his wife a gift of community property, and when this is done it becomes her separate estate.

ID.—NOTE EXECUTED TO WIFE IN CONSIDERATION OF HOME FOR MAKER—WHEN SEPARATE PROPERTY.—Where a husband and wife agree to permit a third person to make his home with them in consideration of his executing a promissory note to her, the transaction, in connection with the attending circumstances, constitutes evidence sufficient to support a finding that the husband made a gift of the note to his wife.

ID.—ACTION AGAINST ADMINISTRATOR ON NOTE—HUSBAND AS WITNESS. In an action on the note by the wife against the administrator of the estate of the deceased maker, the husband is a competent witness in her behalf. Inasmuch as the note never was his property, section 1880 of the Code of Civil Procedure, which makes the party, or assignor of the party, incompetent when the action is against an executor or administrator upon a claim or demand against the estate of a deceased person, has no application to him.

APPEALS from a judgment of the Superior Court of Placer County and from an order refusing a new trial. J. E. Prewett, Judge.

The facts are stated in the opinion of the court.

Meredith & Landis, for Appellant.

Cross & Newburgh, for Respondent.

SHAW, J.—The appeal in No. 2106 is from the judgment; that in No. 2127 is from an order denying defendant's motion

for a new trial of the action. Both are presented upon a single transcript.

The action is upon a promissory note for five thousand dollars, executed by Elias S. French, in his lifetime, to the plaintiff. The answer denies the execution of the note, and, in effect, it also sets up the defenses of want and failure of consideration. The court found that the note was duly executed and upon a sufficient consideration. After deducting an offset alleged in a counterclaim, which the plaintiff admitted, judgment was given for the balance.

In the course of the trial, it was shown that the plaintiff, at the time the note was executed, was, and ever since has been, the wife of Harry M. Cullen, living with him in that relation. The defendant asked leave to amend his answer by alleging that the note was community property and that Harry M. Cullen, the plaintiff's husband, was the real party in interest and was not a party to the action. Leave to do this was refused. Harry M. Cullen was allowed to testify as a witness for the plaintiff, over the objection of the defendant that he was a party interested in a claim against the estate of the deceased person and that, under the provisions of subdivision 3 of section 1880 of the Code of Civil Procedure, he was incompetent to testify as to any matter or fact occurring before the death of such deceased person. The court below found that the note was the separate property of the plaintiff, and this finding is challenged as contrary to the evidence. The above rulings and findings are assigned as error.

These points each involve and depend upon the one question, whether the note, when executed, was the community property of the spouses or the separate property of the plaintiff. If it was her separate property, it would necessarily follow that the nonjoinder of the husband would be no defense to the action and he would be a competent witness to matters occurring before the death of French.

The note was executed in connection with a certain contract between French and the plaintiff and her husband. The two documents are as follows:

"Skowhegan, Maine, August 25, 1910.

"For value received, I promise to pay Lottie Currier Cullen or order, Five Thousand Dollars ($5000.00) on demand.

"ELIAS S. FRENCH.

"Witnesses: Abner Currier,
Harry M. Cullen."

"Skowhegan, Maine, Aug. 25, 1910.

"We severally and jointly agree in consideration of note given Aug. 25, 1910, by Elias S. French to Lottie Currier Cullen, to allow Elias S. French to make his home in our family for as long a time or whenever he desires. And we further agree not to present said note for payment until the family home of Abner Currier is for sale, or at the death of Elias S. French.

"HARRY M. CULLEN,
"LOTTIE C. CULLEN,

"Witness: Abner Currier."

These documents were executed at the farm of Abner Currier in Skowhegan, Maine, under the following circumstances: Abner Currier was the uncle of French and the father of the plaintiff. The mother of French had died when he was three years old and shortly afterwards he was taken into the family of Abner Currier, whose wife was his mother's sister, and there grew up. Shortly after he became a member of the family the plaintiff was born. Currier and his ancestors had resided on the farm for several generations. When French was about eighteen years of age he went to California, where he married and accumulated the estate now under administration. His wife died leaving him childless. A few months before these documents were executed he had returned to Maine with somewhat impaired health and was living at the Currier home. He wanted to buy the farm from Currier and make a gift of it to the plaintiff for her home. Currier said his price was five thousand dollars, but that he would not sell. French then expressed a wish to do something for plaintiff to enable her to buy it whenever it should be for sale. He then negotiated the arrangement evidenced by the foregoing note and contract. Cullen, the husband, was taken into the conference and consented to the arrangement. The papers were then written by the plaintiff, at French's suggestion, in the husband's absence. When they were ready Cullen was called in to witness the note and sign the contract. A day or two afterwards French went to the Cullen home in Concord, Massachusetts, and there lived, in pursuance of the contract, until November following. Cullen, the husband, testified that his intention was that the note should be the property of the plaintiff and not community property.

Under these circumstances the court was justified in finding that the note at the very time of its execution was the separate property of the wife. The law in this state on this subject is well established. A husband and wife may, by contract with each other, alter their legal relations as to property. (Civ. Code, secs. 158, 159, 160.) The husband may orally, or in writing, make to his wife a gift of the community property, and when this is done it becomes her separate estate. (*Peck* v. *Brummagim,* 31 Cal. 446, [89 Am. Dec. 195]; *Hamilton* v. *Hubbard,* 134 Cal. 607, [65 Pac. 321, 66 Pac. 860]; *Dow* v. *Gould etc. Co.,* 31 Cal. 653; *Woods* v. *Whitney,* 42 Cal. 361; *Higgins v. Higgins,* 46 Cal 263; *Jackson* v. *Torrence,* 83 Cal. 529, [23 Pac. 695]; *Kane* v. *Desmond,* 63 Cal. 464; *Read* v. *Rahm,* 65 Cal. 344, [4 Pac. 111]; *Wren* v. *Wren,* 100 Cal. 279, [38 Am. St. Rep. 287, 34 Pac. 775]; *Kaltschmidt* v. *Weber,* 145 Cal. 599, [79 Pac. 272]; *Perkins* v. *Sunset etc. Co.,* 155 Cal. 719, 103 Pac. 190].) The effect of the transaction and the circumstances attending it were that Cullen, prior to the execution of the note, made a gift to his wife of her future services in performance of the contract and of his own services as well. It is settled that this is a valid transaction between them under the sections of the code above cited. (*Wren* v. *Wren,* 100 Cal. 279, [38 Am. St. Rep. 287, 34 Pac. 775]; *Kaltschmidt* v. *Weber,* 145 Cal. 599, [79 Pac. 272].) The consequence of this gift is that the consideration of the note was the separate property of the wife. The execution of the note and the contract in the form above shown clearly indicated an intention on the part of the husband that the note itself should be the separate property of the wife and not the property of the community. The finding to that effect is therefore fully sustained by the evidence. This being the case it would follow that the court did not abuse its discretion in refusing permission to the defendant to set up the defense of nonjoinder of the husband. The evidence showed that the husband had no interest and the defense, if alleged, would not have been sustained.

There was no error in allowing the husband to testify. In *Kaltschmidt* v. *Weber,* 145 Cal. 599, [79 Pac. 272], the husband was allowed to testify under similar conditions. The question is not discussed in the opinion, but the case is a precedent for the proposition that the husband is a competent witness under such circumstances. Section 1880 of the code

makes the party, or assignor of the party, incompetent when the action is against an executor or administrator upon a claim or demand against the estate of a deceased person.   Inasmuch as this note never was the property of the husband, it is obvious that that section does not apply to him.   The mere fact that the consideration of the note at one time was community property does not make him either a necessary party to the action or the assignor of the plaintiff.   If the husband should make a gift of property to his wife and she should thereafter sell it, taking a note for the purchase money, it would not be contended that the husband was her assignor merely because he had previously made a gift to her of the property which constituted its consideration.   The case at bar is precisely of the same character.   The husband gave the consideration to the wife and she thereupon bargained it away, taking the note as the price.   We find no error in the finding or rulings of the court.

We further suggest that if the plaintiff had seen fit to make proof of the law of Maine, where the transaction took place, and of Massachusetts, where the consideration was rendered, perhaps she could have shown that there is no such thing as community property in those states, and that a note executed to a wife with the knowledge and consent of the husband, is, *prima facie*, her separate property, and not that of the husband.   This may be easily ascertainable from the authorities. It would have avoided the necessity of the foregoing discussion.   But this court cannot take judicial notice of it in the absence of proof at the trial.

The judgment and order are affirmed.

Sloss, J., and Angellotti, J., concurred.