[L. A. No. 6403. In Bank.—August 29, 1921.]

## M. BADOVER, Respondent, v. GUARANTY TRUST AND SAVINGS BANK (a Corporation), as Executor, etc., Appellant.

[1] APPEAL—REVIEW OF FINDINGS OF FACT.—The rule declared in section 1847 of the Code of Civil Procedure that the jury are the exclusive judges of the credibility of witnesses, which is equally applicable to the judge where the case is tried without a jury, is the absolute rule in the matter of review of findings of fact of a trial court by an appellate court, except where the record demonstrates that in the very nature of things certain testimony of a witness cannot be true.

[2] ID.—ACTION ON CLAIM AGAINST ESTATE—SUFFICIENCY OF PROOF—QUESTION FOR TRIAL COURT.—In an action to recover on a claim against the estate of a deceased person, assuming that the evidence of the genuineness of the claim must be clear and convincing, the question as to whether or not the evidence is of that character is one for the trial court, and its determination upon conflicting or contradictory evidence is not open to review.

[3] ACTION ON CLAIM—TRIAL—REOPENING OF CASE—DISCRETION NOT ABUSED.—In such an action, the reopening of the case several months after the making of an order for the submission of the cause for decision upon briefs to be filed was not an abuse of discretion, regardless of the character of the action, where the adverse party had the same full opportunity to meet the new evidence that it would have had if the same had been introduced on the first hearing.

[4] ID.—EVIDENCE—COMPETENCY OF FORMER ATTORNEY.—In such an action, a former attorney of record for the plaintiff, who the day before the trial was paid in full and released his lien for services on any judgment that might be obtained, was not incompetent to testify under subdivision 3 of section 1880 of the Code of Civil Procedure, which renders incompetent as a witness parties, or assignors of parties, to an action or proceeding against an executor or administrator upon a claim against the estate of a deceased person, as to any matter of fact occurring before the death of such person.

[5] ID.—COMPETENCY OF WIFE OF PLAINTIFF—COMMUNITY PROPERTY. I an action by a husband against an executor to recover on a promissory note partly community property, the wife of the plaintiff is not an incompetent witness under subdivision 3 of section 1880 of the Code of Civil Procedure, since she is not a party or the assignor of a party to the action nor a person in

whose behalf the action is prosecuted, in view of section 157 of the Civil Code, which provides that neither husband nor wife has any interest in the property of the other and in view of the well-settled doctrine with relation to the status of community property.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lewis Cruickshank, Vincent B. Vaughan, O'Melveny, Millikin & Tuller and Dockweiler & Mott for Appellant.

Albert J. Sherer and Robert Young for Respondent.

ANGELLOTTI, C. J.—This is an appeal by defendant from a judgment in favor of plaintiff for $7,253.88 upon a promissory note found to have been given "for value" by defendant's testate, Benjamin L. Liveson, to plaintiff. The action was commenced against said Liveson about two months before his death, which occurred March 4, 1917, prior to the trial. The trial court found that the note was lost after the commencement of the action and prior to the filing of the supplemental complaint filed after the death of Liveson, and has not since been found, notwithstanding diligent search therefor.

1. It is earnestly urged that the evidence is insufficient to sustain the findings of the trial court with relation to the giving of the note. In the light of the record it cannot reasonably be contended that there was not substantial testimony in favor of plaintiff on every disputed point. The contention of insufficiency is based upon matters going to the question of the credibility of the witnesses, and upon the theory that the proof of a claim against the estate of a deceased person must be clear and convincing.

It is, of course, true that the burden is on the claimant to establish his claim by a preponderance of evidence to the entire satisfaction of the trial judge, who alone, in the absence of a jury, has to do with all questions as to the credibility of the witnesses. As our law puts it with regard to a witness, "the jury are the exclusive judges of his credibility." (sec. 1847, Code Civ. Proc.), and this

is equally applicable to the judge where the case is tried without a jury. [1] This is the absolute rule in the matter of review of findings of fact of a trial court by an appellate court, except where the record demonstrates that in the very nature of things certain testimony of a witness cannot be true, and we have no such case here. [2] Assuming that in such a case as this the evidence of genuineness of the claim should be "clear and convincing" to the trial court, as was said in *Couts* v. *Winston,* 153 Cal. 686, 688, [96 Pac. 357, 358], "whether or not the evidence . . . is clear and convincing is a question for the trial court," and "in such cases as in others, the determination of that court in favor of either party upon conflicting or contradictory evidence is not open to review in this court." (See, also, *Wadleigh* v. *Phelps,* 149 Cal. 627, 637, [87 Pac. 93]; *Beckman* v. *Waters,* 161 Cal. 581, 584, [119 Pac. 922].) It would serve no useful purpose to set forth the testimony in this opinion. It will suffice to say that there was substantial positive testimony in favor of plaintiff as to every necessary element of his case, and that there is no possible justification for a conclusion by this court that the same did not fully warrant the learned trial judge in his conclusion as to the facts. The apparent earnestness of counsel has caused us to give more attention to this point than it deserves in view of the fact that the rule is so thoroughly established by our decisions.

[3] 2. Complaint is made that the court on three separate occasions, over the objection of defendant's counsel, permitted the case to be reopened for the purpose of the introduction of further evidence by plaintiff. One of these occasions was nine months after the making of an order for the submission of the cause for decision upon briefs to be filed, the cause being then reopened on the court's own motion for further testimony on certain specified matters. There is no suggestion that defendant was prejudiced in the conduct of its defense by any action of the trial court in this matter. It had the same full opportunity to meet the new evidence that it would have had if the same had been introduced on the first hearing. It is not intimated that it was denied the right to procure additional evidence in reply. It is apparent from the record that the learned trial judge was anxiously seeking the truth in this case,

and that his action was due entirely to a commendable desire to have all the facts before him. There can be no question, it seems to us, of the discretionary power of the trial court to permit further evidence in any cause at any time before decision where it is believed by the court that the ends of justice will be subserved by so doing. That a trial court has such power in an ordinary case is not disputed, but it seems to be contended that a different rule should be applied in actions against the estate of a decedent. The reasons of counsel for this asserted distinction, for which distinction we find no basis, go rather to the weight to be accorded the new evidence than to anything else. To our minds the trial court has this discretionary power in all cases, and so long as the power is exercised with due regard to the adverse party's right to fully present his side of the case there can be no prejudice of which he has the right to complain on appeal. Where a trial court abuses the discretion confided to it in this respect to the prejudice of a party, the action will, of course, be set aside on appeal. We find no warrant in the record for the claim that the trial court was guilty of any abuse of discretion in this regard. (See in this connection, *Clavey* v. *Lord*, 87 Cal. 413, [25 Pac. 493].)

[4] 3. One Max Rapaport, who was the original attorney of record for the plaintiff in this action, and for whom another attorney was substituted prior to the trial, was allowed to testify as to matters of fact occurring before the death of Mr. Liveson over the objection that under subdivision 3 of section 1880 of the Code of Civil Procedure he was incompetent to testify as to any such matter. His testimony was material and important, including both matter as to the existence of the note and admissions by Mr. Liveson as to his indebtedness thereon. The stipulation for substitution of another attorney in place of Mr. Rapaport, signed by both the latter and plaintiff, contained a provision that "Max Rapaport shall have a lien of fifty dollars for his attorney fees on account of services rendered." On the day before the commencement of the trial Messrs. Sherer and Young, the then attorneys of record of plaintiff, paid to Mr. Rapaport fifty dollars, and received from him a receipt in full of all demands for services in the cause, and a re-

lease "of any and all lien I may have in or on any judgment obtained" in the case.

Subdivision 3 of section 1880 of the Code of Civil Procedure renders incompetent as a witness "Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted, against an executor or administrator upon a claim, or demand against the estate of a deceased person, as to any matter or fact occurring before the death of such deceased person."

It seems clear to us that at the time he testified Mr. Rapaport did not come within the excluded class. Certainly he was not a party to the action or the assignor of a party as to any interest whatever in the claim in suit. All that he ever had, at best, was a *lien* on any judgment that might be recovered, as security for the payment by plaintiff of a debt due him from plaintiff. There was no assignment of the debt and no attempted assignment of this lien. There was simply an *absolute release* of the lien on payment of the debt by plaintiff's attorneys, and we can see no force whatever in the suggestion that such a release constituted an *assignment*, either to such attorneys or to plaintiff. Plaintiff has always been the sole owner of the claim, subject only to a lien on any judgment that might be recovered thereon, created by agreement, for his personal debt to Rapaport, which lien was absolutely extinguished prior to the trial by the payment of the debt by his attorneys, presumably for him and at his request. He was in no sense a successor in interest of Rapaport as to any interest in the claim. It is likewise clear that Mr. Rapaport cannot be held to have been at the time he testified a person "in whose behalf the action" was being prosecuted, for whatever possible claim he once possessed had then been fully satisfied. It may be that the reason for satisfying his claim was to forestall any objection to his testimony as a witness, but this would be altogether immaterial. The vital thing is that the claim was absolutely satisfied, with the result that the witness could no longer be held to be one upon whose behalf the action was being prosecuted, and therefore no longer within either the letter or the spirit of the statute.

[5] 4. Mrs. Badover, the wife of plaintiff, was a most important and material witness in plaintiff's behalf. Her testimony was admitted over the objection that it was in-

competent under the same statute. (Subd. 3, sec. 1880, Code Civ. Proc.) It is conceded that the alleged note is in part, at least, community property. She is not a party or the assignor of a party to the action, but it is urged that she is a person "in whose behalf" the action is prosecuted.

It is not disputed that Mrs. Badover was a competent witness unless excluded by the provisions of subdivision 3 of section 1880. of the Code of Civil Procedure. Our statute makes all persons "without exception, otherwise than as specified" in sections 1880 and 1881 of the Code of Civil Procedure, competent witnesses, expressly declaring that, except as provided in those two sections, "neither parties nor other persons who have an interest in the event of an action or proceeding are excluded." Subdivision 3 of section 1880 has already been quoted in discussing the objection to Rapaport's evidence. It excludes "parties or assignors of parties" to such an action as this. Obviously Mrs. Badover is neither a party nor the assignor of a party to the action. It also excludes "persons in whose behalf" such an action is prosecuted. It is clear that appellant's claim must stand or fall upon the true meaning of these words as used in this statute. Is the wife, within the meaning of the statute, a person "in whose behalf" an action is prosecuted against an executor or administrator by her husband upon a claim asserted by him alone against the estate of a deceased person, based upon a note alleged to have been given him by the deceased and constituting, in part at least, community property?

That the other party to the marriage is a competent witness for the plaintiff in such an action where the property involved is the separate property of the plaintiff was expressly decided by this court in *Cullen* v. *Bisbee,* 168 Cal. 695, 698, [144 Pac. 968]. In that case, however, there was apparently no suggestion of a claim that the action was brought by one party to the marriage *on behalf of the other party,* and that particular portion of the statute was not specially discussed in the opinion. It seems obvious, however, in view of our statutory provision that neither husband nor wife has any interest in the property of the other (sec. 157, Civ. Code), that an action by a husband or wife involving his or her separate property is not one "on behalf of" the other. There was no suggestion or

intimation in the opinion in *Cullen* v. *Bisbee, supra,* as to what the situation would have been if the property had been community property, and the precise question here involved is one that has never been decided by this court.

It was substantially held in *Uhlhorn* v. *Goodman,* 84 Cal. 185, [23 Pac. 1114], that one not a party to an action against an executor on a claim against a deceased person was not a competent witness where he was in fact jointly interested with the plaintiff in the contract on which the claim was based. He was the actual owner in part of the claim, and to the extent of his interest the action might well be held to be "on his behalf." We are not disposed to question the correctness of the ruling in this case, and accept it as establishing that an action against an executor or administrator on a claim against a deceased person is one brought "on behalf of" any person not a party to the action who, nevertheless, has an existing property right in the claim. It seems to us manifest, however, that these words cannot fairly be construed as including a person not a party who has no such present property right. We are further of opinion that, in view of the well-settled doctrine in this state with relation to the status of community property, a doctrine, as said in *Spreckels* v. *Spreckels,* 172 Cal. 775, 782, [158 Pac. 537, 539], "that had become a fixed and well-understood rule of property," it must be held that the wife, during the marriage, has no existing property right in the community property. She may enforce certain limitations established by statute on the husband's control thereof, but this gives her no present interest in the property, or, as put in *Estate of Burdick,* 112 Cal. 387, 393, [44 Pac. 734, 735], "no right or title of any kind in any specific property." As was said in *Estate of Burdick, supra,* the whole matter is one of statutory regulation, "and is, of course, just what the statute has made of it," and the discussion in *Spreckels* v. *Spreckels, supra,* and *Estate of Moffitt,* 153 Cal. 359, [20 L. R. A. (N. S.) 207, 95 Pac. 653, 1025], as to the settled construction of our statutes on this subject, leaves nothing to be said in regard to the matter. Any change in this settled rule of property may properly be made only by the legislative department of government.

The action not being one on behalf of the wife, the learned judge of the trial court did not err in ruling that she was a competent witness in this action prosecuted by her husband.

The judgment is affirmed.

Shaw, J., Lennon, J., Sloane, J., Wilbur, J., and Lawlor, J., concurred.