MARY BRENT, EXECUTRIX, ESTATE OF EDWIN J. BRENT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8156.    Promulgated February 18, 1927.

1. COMMUNITY PROPERTY.—Petitioner and wife, residents of California, owned community property which they exchanged for stock of a corporation, the husband causing part of the stock to be issued to the wife as her separate property. *Held,* the issuance of stock to the wife did not of itself effect a dissolution of the community so as to render the stock issued to the husband his separate property.

2. Under the laws of California, upon the death of the husband, the wife takes her portion of the community estate as heir of the husband and the whole of the community estate is properly included in the gross estate of the husband for purposes of Federal estate tax.

*Ralph W. Smith, Esq.,* for the petitioner.
*George E. Adams, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in estate tax in the amount of $1,779.89. Two questions are presented for determination; first, whether certain corporate stock was at the time of the death of decedent his separate property or community property, and, second, if it was community property, whether the wife's interest therein is subject to tax as a part of the estate of decedent. At the hearing the Commissioner amended his answer to allege that certain real estate and furniture, reported in the return filed as having been transferred to the wife of the decedent in 1910, should be considered as a part of the decedent's estate and tax computed thereon.

FINDINGS OF FACT.

Edwin J. Brent died a resident of California on February 8, 1923, leaving a will in which he nominated as executrix his wife, Mary Brent, who is now the duly appointed, qualified, and acting executrix of the estate of the decedent.

At the time of their marriage more than forty-five years ago the decedent and the petitioner possessed no property and neither of them, during the existence of the marriage, received any property by gift, bequest, devise, or descent, except certain assets given by the decedent to the petitioner as hereinafter set forth. For about thirty-five years they continuously resided together as husband and wife in the City of Los Angeles, Calif. At the time of establishing their residence in California they possessed no property. During the period of their residence in that State, Mary Brent worked and labored with her husband in the conduct and management of their store enterprises, and as a result of their mutual efforts the property represented in the estate of the decedent was accumulated.

For many years prior to 1920 the decedent and the petitioner conducted a furniture business under the name of the Brent Furniture Co. In the year 1920 a corporation was formed, capitalized at $500,000, the capital stock of which was issued in exchange for the assets of the business theretofore conducted by the decedent and the petitioner. At the time of the issuance of the stock the decedent caused a certificate for 2,465 shares to be issued in the name of Mary Brent, the petitioner, representing one-half of the stock which remained after issuance of a few qualifying shares. Thereafter, the decedent, in the presence of his attorney, handed the certificate issued in the name of his wife to her, stating, in substance, that as she had helped earn all that they had, it was his desire that she have one-half of it. She deposited the certificate in her own safe deposit box and has since kept it there.

The remaining half, 2,465 shares, of the stock of the company was issued to the decedent and was reported as a part of his estate in the estate-tax return filed.

On April 2, 1910, the decedent transferred by deed to the petitioner, Mary Brent, the premises occupied by them as their residence, and on the same date made a gift to her of the furniture and furnishings in the residence. The real estate and the furniture and furnishings were reported in the estate-tax return filed under the schedule provided for transfers, at the values, respectively, of $65,000 and $15,000, but were not included as a part of the decedent's taxable estate.

OPINION.

ARUNDELL: The Commissioner does not contend that the property turned in to the newly organized corporation was not community property under the laws of California, or that the shares issued directly to Mary Brent were not her separate property. His position is that the issuance of stock to Mary Brent effected a dissolu-

tion of the community in so far as the stock is concerned and that the stock retained by the decedent thereby became his separate property.

That the husband may relinquish in favor of his wife all claim to a portion of the community property, either by contract, *Perkins v. Sunset Co.* (1909), 155 Cal. 712; 103 Pac. 190, 193, or by gift, *Cullen v. Bisbee* (1914), 168 Cal. 695; 144 Pac. 968, 969, seems to be well settled, and in either event so much of it as he releases becomes her separate property. But does such act of the husband of itself render the remainder of the property his separate property? Does it remove the remainder of the property from the operation of the presumption that all property in the possession of either spouse during marriage is community property? The change by agreement of the spouses of a part of the community property to the separate property of one of them, or by the gift of a part of it by the husband to the wife, affects, as we see it, only the part transferred and the character of the remainder is not thereby changed. In *Ives v. Connacher* (1912), 162 Cal. 174; 121 Pac. 394, 395, the rule stated in Ballinger on Community Property is quoted with approval, as follows:

> The root or property source, together with the time when acquired, are alone looked to as the criterion to determine what property is or is not common. * * * Property once impressed with the community character retains that impress during the existence of the community, unless alienated or exchanged.

The position taken by the Commissioner in this case amounts to saying that a husband by releasing to the wife a part of the community property, without any action on her part, can change the remainder of the property from community to his separate property. While the spouses may remove common property held by them from the operation of the community laws (secs. 158 and 159, Civil Code), an agreement between them is necessary to effect such a change. Stating it in another way, although the husband may alienate the community property, yet, during the time it is held by the community, it retains its character as community property unless there be a concert of action between the spouses to change it from community to separate property.

In the case before us, there is no evidence of any act on the part of either husband or wife to show that they intended the stock retained by the husband to become his separate property, and we are of the opinion that its community character was not changed by the issuance of a part of the Brent Furniture Co. stock to the wife.

We are thus brought squarely to the question of whether the wife's interest in the community property under the laws of California

79705°—28——10

constitutes a part of the estate of the husband and as such is subject to the estate tax imposed by the Revenue Act of 1921. The petitioner relies on *Wardell* v. *Blum*, 276 Fed. 226, and contends that such decision is binding on the Board.

The Commissioner is seeking to tax as a part of the husband's estate that part of the community property which, upon the death of the husband, passed to the wife. The pertinent provisions of the Revenue Act of 1921 are sections 401 and 402, which sections, in so far as they are material, read as follows:

SEC. 401. That, in lieu of the tax imposed by Title IV of the Revenue Act of 1918, a tax equal to the sum of the following percentages of the value of the net estate * * * is hereby imposed upon the transfer of the net estate of every decedent dying after the passage of this Act, whether a resident or nonresident of the United States * * *.

SEC. 402. That the value of the gross estate of the decedent shall be determined by including the value of the time of his death of all property, real or personal, tangible or intangible, wherever situated—

(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate;

(b) To the extent of any interest therein of the surviving spouse, existing at the time of the decedent's death as dower, curtesy, or by virtue of a statute creating an estate in lieu of dower or curtesy * * *.

Is the wife's interest in the community property such that, within the meaning of the above quoted sections, there is no taxable transfer of it when it passes to her upon the death of the husband, and is that interest such that it is not included in the gross estate of the husband?

From the time of the laws passed by the first legislature (Stats. 1850, p. 254) the statutes of California have at all times defined community property, have provided that the husband shall have the management and control of such property, and have provided for its distribution upon the death of either spouse. From time to time amendments were added, but under all of the community property laws the state courts have held that during the continuance of the marriage relation the wife has not a present vested interest therein. *Van Maren* v. *Johnson*, 15 Cal. 308; *Packard* v. *Arellanes*, 17 Cal. 525; *In re Burdick's Estate*, 112 Cal. 387; 44 Pac. 734; *Spreckels* v. *Spreckels*, 172 Cal. 755; 158 Pac. 537; *Stewart* v. *Stewart*, 199 Cal. 318; 249 Pac. 197. At least such is the law as we find it up to and including the period here under consideration. There have been some differences in the expressions of the courts as to the wife's interest, but the prevailing view and that followed by the latest decisions is that the wife has no vested interest during the existence of the marital community even though her interest may be a more definite and

present one than is that of an ordinary heir. See *Roberts* v. *Wehmeyer*, 191 Cal. 601; 218 Pac. 22, cited in *United States* v. *Robbins*, 269 U. S. 315; and *Stewart* v. *Stewart*, 249 Pac. 197, decided September 2, 1926.

The state statute with which we are concerned is section 1402 of the Civil Code, which, at the time of the death of the decedent whose estate is involved in this case, provided:

Upon the death of the husband, one-half of the community property goes to the surviving wife, and the other half is subject to the testamentary disposition of the husband, and in the absence of such disposition, goes to his descendants, equally, if such descendants are in the same degree of kindred to the decedent; otherwise, according to the right of representation; and in the absence of both such disposition and such descendants, is subject to distribution in the same manner as the separate property of the husband. In case of the dissolution of the community by the death of the husband, the entire community property is equally subject to his debts, the family allowance, and the charges and expenses of administration.

We come now to the case of *Wardell* v. *Blum*, 276 Fed. 226, upon which the petitioner relies, which holds that in the case of a California marital community, upon the prior death of the husband only one-half of the community property is subject to the Federal estate tax. The court in reaching its decision relied on the state inheritance tax statute of 1917 and on the decision in *Arnett* v. *Reade*, 220 U. S. 311, as establishing the interest of the wife in community property.

At the first opportunity offered, the Supreme Court of California in *Roberts* v. *Wehmeyer*, 191 Cal. 601; 218 Pac. 22, stated that it agreed with *Wardell* v. *Blum* in its holding that the wife's one-half of the community property is not subject to the *State* inheritance tax, but held further that—

In so far as it relies on *Arnett* v. *Reade, supra*, as indicating that a wife has at all times had an interest or estate in the community property, we are constrained to disagree with it.

And the Supreme Court of the United States in *United States* v. *Robbins*, 269 U. S. 315, cites *Roberts* v. *Wehmeyer, supra*, and points out that that case holds that *Arnett* v. *Reade, supra*, would not be followed in California.

The 1917 state inheritance tax act which was considered in *Wardell* v. *Blum, supra*, provides in part—

That for the purpose of this act the one-half of the community property which goes to the surviving wife on the death of the husband * * * shall not be deemed to pass to her as heir to her husband, but shall, for the purpose of this act, be deemed to go, pass, or be transferred to her for valuable and adequate consideration, and her said one-half of the community shall not be subject to the provisions of this act.

In the recent case of *Stewart* v. *Stewart*, 249 Pac. 197, decided September 2, 1926, the Supreme Court of California carefully con-

sidered this statute in relation to the general question of community property and commented thereon as follows:

It is to be observed that the foregoing proviso is by its terms expressly limited to "the purposes of this act," thus clearly indicating by exclusion that it was not the purpose of the Legislature of 1917 to change the otherwise general and long-established rule of property except in its application to the particular and limited purposes of said inheritance tax law. This is made plain when we come to consider the further legislative enactments adopted of even date with the foregoing act in the form of certain amendments to the several sections of the Civil Code relating to community property.

The *Stewart* case also considered the decision in *Roberts* v. *Wehmeyer*, *supra*, and approved it in the following language:

It is, however, pertinent to the present discussion in so far as it [*Roberts* v. *Wehmeyer*] considers, and we think correctly disposes of the cases of *Blum* v. *Wardell* (D. C.) 270 F. 309, and (C. C. A.) 276 F. 226, so much reiterated and relied upon by the respondent herein, and also considers and disposes of the case of *Arnett* v. *Reade*, 220 U. S. 311, 31 S. Ct. 425, 55 L. Ed. 477, 36 L. R. A. (N. S.) 1040, to the satisfaction of this court.

It should be borne in mind that the *Stewart* case involved community property acquired in 1918 and it therefore became necessary for it to consider as well the amendments of 1917, designated as sections 172 and 172a of the Code, which the wife contended served to give her a present vested interest in the community property. The court, in disposing of this contention, said:

The Legislature in framing these two amendments which, taken together, worked a revision of the former section 172 of the Civil Code did not state therein "in plain language," as it was pointed out in the second *Spreckels* case it might easily have done, "that the purpose of these amendments was to vest in the wife during the marriage a present interest or estate in the community property." The Legislature did not even by said amendments to the Civil Code go as far as it had done in its revision of the inheritance tax law, coincidently adopted, so as to state that:

The "one-half of the community property which goes to the surviving wife on the death of the husband * * * shall not be deemed to pass to her as heir of her husband but shall * * * be deemed to go, pass, or be transferred to her for valuable and adequate consideration."

Had the Legislature seen fit to so declare in the language employed by it in the coincident statute, no doubt could have existed as to its intent to work such a radical change in the former and long-established status as to render the interest of the wife in the community property thereafter to be acquired a present vested estate and interest therein from the date of its acquisition. The Legislature did not do this nor anything like it. All that the Legislature by these amendments did do, or attempt to do, was to cast about the interest of the wife in both the real and personal property of the community during the continued existence of the marriage relation added safeguards and protection against the fraudulent or inconsiderate acts of the husband in the exercise of his control and dominion over these properties of the nature of those already provided for in earlier statutes and especially in and by the 1891 amendment to section 172 of the Civil Code.

In view of what we conceive to be the unequivocal language of the Supreme Court of California, as well as the language of the Supreme Court of the United States in the *Robbins* case, we feel constrained to disagree with the Circuit Court of Appeals in the case of *Wardell* v. *Blum, supra,* and are of the opinion that the interest of the wife in the property of the community during the continuance of the marriage relation is not a present vested interest therein, even though it be a " more definite and present interest than is that of an ordinary heir." *Stewart* v. *Stewart, supra.*

In the case of *In re Burdick's Estate, supra,* it was held that upon the death of the husband the entire community estate was subjected to administration as the estate of the husband, the court saying in part:

If it had not been intended that the entire community properly should be administered as estate of the husband, so important a matter could not be overlooked. * * * This plain intent that the title of the wife to one-half of the community property shall be administered as part of the estate of the husband, added to the continuous and uniform practice of near half a century, must place this matter beyond all doubt.

It was urged in that case that the wife took her share of the community not by succession but as a survivor. The court, after considering at some length various provisions of the Civil Code, referred to section 1274 and said:

This is an express legislative declaration that the disposition of the community property made in sections 1401 and 1402 is succession.

Earlier in the case, speaking of the moiety which the wife takes under section 1402, the court holds that " it ' goes ' to her just as it 'goes' to the descendants."

In the later case of *In re Moffitt's Estate* (1908), 153 Cal. 359; 95 Pac. 653, an attempt was made to have the court overrule the *Burdick* case and others along the same line to the extent of declaring that upon the death of the husband the widow takes " not as his heir, and not by succession, but by a certain right of survivorship." The court, however, reaffirmed its former decisions in the following language:

After painstaking investigation and review, and after the fullest deliberation, this court in *Re Burdick* determined and held, as it declared in *Spreckles* v. *Spreckles,* that upon the death of the husband the wife takes one-half of the community property as heir. Every argument here advanced against that conclusion was urged by learned counsel in the other cases, and was fully met in the opinions above referred to.

It would seem from these decisions that upon the death of the husband the entire community estate should be included as a part of his gross estate as being " subject to the payment of the charges

against his estate and the expenses of its administration and is subject to distribution as part of his estate." (Section 402, Revenue Act of 1921.) It also follows from these decisions that, as the wife takes her portion by succession and not by right of survivorship, there is a "transfer," within the meaning of section 402 of the Revenue Act of 1921, of the part of the community estate which she takes and that such part is subject to the Federal estate tax.

The views we announce here are supported by the recent case of *Frazer* v. *United States*, decided July 26, 1926 (U. S. Dist. Ct., E. D. Mich., S. D., not yet officially reported). This was a suit to recover an estate tax paid under the Revenue Act of 1917 on the one-half of the community real estate located in California which upon the death of the husband passed to the wife. The material part of the decision is as follows:

> Whether the contention of the plaintiffs or that of the defendant, as just stated, is correct, is the decisive question presented in this case. That question has, since the commencement of this suit, been decided by the United States Supreme Court in the case of *United States* v. *Robbins*, 269 U. S. 315. In that case the court held that, according to the law of California, as construed by its courts, whose decisions in that respect it held that it was its duty to follow, during marriage and while the husband is living, his wife has "a mere expectancy" in community property and the husband alone has the power of disposition of such property. That decision is controlling here * * *.
>
> The contention of plaintiffs that the rights of the wife of the deceased in this connection were enlarged by the California Inheritance Act of 1917 is disposed of adversely to plaintiffs by the observation that such statute refers and applies only to the state inheritance tax and not to the federal estate tax here involved.

In 1923 the Legislature of California passed certain amendments affecting community property, but as these amendments were approved and became effective at a date subsequent to the date of the acquisition of the property and also subsequent to the date of the decedent's death, they have not been considered here.

At the hearing of this case the Commissioner amended his answer to the petition so as to allege that the property which was reported in the return filed as having been transferred by the decedent to his wife on April 2, 1910, should be included as a part of the decedent's estate and subject to tax. The Commissioner offered no proof to substantiate this allegation and it must accordingly be denied. *Appeal of General Lead Batteries Co.*, 2 B. T. A. 392.

<div style="text-align:right">

*Judgment will be entered on 15 days' notice, under Rule 50.*