## EARL v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Ninth Circuit.
February 25, 1929.

No. 5602.

Warren Olney, Jr., J. M. Mannon, Jr., Henry D. Costigan, and Robert L. Lipman, all of San Francisco, Cal., for petitioner.

Mabel Walker Willebrandt, Asst. Atty. Gen., and Sewall Key and Millar E. McGilchrist, Sp. Asst. Attys. Gen. (C. M. Charest, Gen. Counsel, and Prew Savoy, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before RUDKIN and DIETRICH, Circuit Judges, and BEAN, District Judge.

BEAN, District Judge. This· is a petition for review of a decision of the Board of Tax Appeals. Section 1001, Revenue Act of 1926; 26 USCA § 1224. The petitioner is, and was during the times hereinafter mentioned, a married man domiciled in the state of California. In 1920 and 1921, the years here involved, he earned for personal services the sums of $24,839.00 and $22,946.20. He and his wife made separate income tax returns for the years stated, each returning one-half of the above amounts. The Commissioner of Internal Revenue ruled that the entire amount of the petitioner's earnings was taxable to him, and no part to his wife, and as a result determined that there was a deficiency in the tax paid by the petitioner in the sums of $2,420.12 for 1912, and $2,-432.46 for 1921. From this decision the petitioner appealed to the Board of Tax Appeals, where the ruling of the Commissioner was sustained.

■ There is no dispute as to the facts. On the 1st day of June, 1901, the petitioner and his wife entered into a contract in· writing as follows: "It is agreed and understood between us that any property either of us now has or may hereafter acquire (of any and every kind) in any way, either by earnings (including salaries, fees, etc.), or any rights by contract or otherwise, during the existence of our marriage, or which we or either of us may receive by gift, bequest, devise, or inheritance, and all the proceeds, issues and profits of any and all such property shall be treated and considered, and hereby is declared to be received, held, taken and owned by us as joint tenants, and not otherwise, with the right of survivorship."

This agreement has been continuously lived up to by the petitioner and his wife throughout the years, and at the time it. was made a bank account was opened in their joint names and subject to the check of either, and in this account all incomes, including earnings of the petitioner, have been deposited immediately upon their receipt. It was by reason of these facts that separate income tax returns were made by the petitioner and his wife.

The question for decision is whether the contract referred to is a valid and binding obligation, and such as a husband and wife may legally make, and, if so, whether under its provisions the·personal earnings of the petitioner immediately became the joint property of himself and wife as soon as

earned, or was there an interval before the title passed to their joint estate during which time such earnings were impressed with the community property status, and returnable by and taxable to him, under U. S. v. Robbins, 269 U. S. 315, 46 S. Ct. 148, 70 L. Ed. 285.

Sections 162, 163, and 164 of the Civil Code of California provide that all property owned by either spouse before marriage or. thereafter acquired by gift, bequest, devise, or descent, with the rentals, issues, and profits thereof, is separate property, and all other property acquired after marriage by either spouse belongs to them as community property, but by the same law a husband and wife may enter into any engagement or transaction with the other respecting property which either might if unmarried (section 158), and they may hold property as joint tenants, tenants in common, or as community property (section 161). It is consequently the holding of the Supreme Court of California that an agreement between a husband and wife domiciled there, without any other consideration than their mutual consent, that the future earnings of the wife should be her separate property, is valid, and such earnings do not become community property. Wren v. Wren, 100 Cal. 276, 34 P. 775, 38 Am. St. Rep. 287; Cullen v. Bisbee, 168 Cal. 695, 144 P. 968; Kaltschmidt v. Weber, 145 Cal. 596, 79 P. 272. If, as thus seems to be the settled law of the state, and which is recognized as such by the Board of Tax Appeals (Krull v. Commissioner of Internal Revenue, 10 B. T. A. 1096), a husband and wife may legally agree by contract that the future earnings of the wife shall be her separate property, and by virtue of such agreement they do not become the property of the community, there is no sufficient reason why they may not make a similar agreement with reference to the earnings of the husband, or, as here, that their joint earnings shall belong to them jointly and not otherwise.

Under the California system there is no difference between the earnings of the wife and the earnings of the husband. They are each community property (Martin v. Southern Pacific, 130 Cal. 285, 62 P. 515), and an agreement of husband and wife that her future earnings may nevertheless be her separate property differs in no way in principle from an agreement that his earnings may be the joint property of both (Estate of Harris, 169 Cal. 725, 147 P. 967). We conclude, therefore, that the contract is valid and such as a husband and wife may legally make.

■ The remaining question is its proper construction. The petitioner claims that by its terms his personal earnings become the joint property of himself and wife immediately upon being earned, while the position of the government is that, notwithstanding the language of the contract, there was an interval of time during which his earnings belonged to the community and were taxable as such. We are unable to agree with this latter view. The language of the contract is that the earnings, including salaries, fees, etc., of either spouse, shall be treated and considered and "is hereby declared to be received, held, taken, and owned" by them as joint tenants and not otherwise.

This clearly indicates an intention that the earnings of either spouse shall not be received and held by the community, but by them as joint tenants. The Board of Tax Appeals and the government seem to rely principally on the decision of this court in Blair v. Roth, 22 F.(2d) 932. In that case, the contract, as construed by the court, amounted to nothing more than an agreement between a husband and wife that they *would* contribute their earnings to a common fund, out of which their personal and community expenses would be paid, and the savings, if any, would be owned by them jointly. There was no agreement, as here, that the earnings of either spouse should be received, and held and owned, as the joint property of both, but merely that each would contribute his or her earnings to a common fund. It is evident that the parties here did not have in mind that the future earnings of either should first be received by him or her, and then turned over to a joint tenancy, but the intention clearly expressed is that the earnings should be received, taken, and held from the very beginning as the joint property of both.

Decree of Board of Tax Appeals reversed.