[Civ. No. 6663.  Second Appellate District, Division Two.—March 31, 1931.]

A. M. SCHEINBAUM et al., Respondents, v. E. R. DRIVER, Appellant.

Hugh E. Macbeth for Appellant.

Louis Feinstein for Respondents.

CRAIG, Acting P. J.—The defendant E. R. Driver, appeals from a judgment based upon a lease of real property, for alleged unpaid rent, and from an order denying a new trial.

The principal contention of appellant is that a successor to the tenancy assumed the obligation upon which the action was founded, but we are not concerned with the veracity of witnesses, and a judgment based upon the trial court's version of conflicting evidence will not be disturbed upon appeal. (*Badover* v. *Guaranty Trust & Sav. Bank*, 186 Cal. 775 [200 Pac. 638].) The lease was received in evidence, bearing the signatures of the defendants, and the plaintiff testified that appellant entered into possession, and did not vacate until the instant suit was commenced; that he did not lease the premises to a third person, nor let such third person into possession at any time.

The only other contention is that the trial court erred in denying a new trial when certain asserted newly discovered evidence was produced. This evidence, however, was merely cumulative as tending to show by affidavits that a third person was in fact occupying the premises at times, but an affidavit of the plaintiff also averred upon information and belief that this party was not a tenant by the plaintiff's consent, and merely was present with the defendants. There is no allegation that such information could not have been elicited at the time of the trial from the same witnesses, nor that the appellant used any diligence to ascertain the facts prior to rendition of the judgment. This question, also, lay within the judicial discretion of the court, and its determination thereof is conclusive.

There being no appeal from an order denying a new trial, the appeal therefrom is dismissed. The judgment is affirmed.

Thompson (Ira F.), J., and Archbald, J., *pro tem.*, concurred.