## ARNETT v. READE.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF
NEW MEXICO.

No. 98.   Argued March 14, 1911.—Decided April 3, 1911.

Under the law of New Mexico of 1901, providing that both husband
and wife must join in conveyances of real estate acquired during
coverture, a deed of the husband in which the wife does not join is
ineffectual to convey community property even though acquired
prior to the passage of the act.

THE facts are stated in the opinion.

*Mr. N. C. Frenger* and *Mr. Clifford S. Walton* for appellants:

As to community property, the husband and wife constitute a society, association, partnership or company. The husband is not the sole and absolute owner of community property, *Holyoke* v. *Jackson*, 3 Wash. Ter. 235.

In adopting the community system a State is bound by the principles thereof according to the established rules of the country or State from whence adopted. *Reymond* v. *Newcomb*, 10 N. Mex. 151; *Hill* v. *Young*, 7 Washington, 33; *Warburton* v. *White*, 176 U. S. 484; Ballinger on Comm. Prop., § 255; *Lichty* v. *Lewis*, 63 Fed. Rep. 535; *Mabie* v. *Whittaker*, 10 Washington, 656.

The husband cannot dispose of by will more than half of the community property. *Beard* v. *Knox*, 5 California, 252, 256; *In re Buchanan's Estate*, 8 California, 507; Walton's Civil Law, Art. 1414; *Thompson* v. *Cragg*, 24 Texas, 582; Schmidt's Civil Law of Spain and Mexico, Art. 52.

The law in vesting in the husband the absolute power of disposition of community property designed to facilitate *bona fide* alienation and to prevent clogs by claims of

wife. *Smith* v. *Smith*, 12 California, 217; *DeGodey* v. *DeGodey*, 39 California, 157.

Upon the dissolution of marriage by divorce the wife is entitled to half of the community property. Cases *supra* and *Galland* v. *Galland*, 38 California, 265; Schmidt's Civil Law, Art. 56.

The basis and essence of community property is that the industry and contributions of both spouses create the fund. Cases *supra* and *Meyer* v. *Kinzer*, 12 California, 248; Johnston's Civil Law of Spain, 67; McKay on Comm. Prop., § 168; also Ballinger on Comm. Prop., § 11.

The husband's power to dispose of community property is because he is the head of the community. As soon as he ceases to be the head, as in case of divorce, his power fails.

The term "a mere expectancy" is a term not to be taken literally. The wife's right of dower depends upon whether or not the wife survives the husband, but her right in community property does not. *Galland* v. *Galland*, 38 California, 265.

Under the French law until the marriage is dissolved or the community otherwise terminates, the wife has no right whatever; she has nothing but a mere expectancy. *Dixon* v. *Dixon's Executors, infra.*

The admission of counsel for appellee in *Garrozi* v. *Dastas*, 204 U. S. 81, as to a similarity of provisions of the Code Napoleon and the Spanish law prior to the civil code of 1889, as to community property, is apt to be misleading, if not in error.

But the law of community property as known in Spain was not derived from the French or from the Roman law, and under the Spanish law the rights of husband and wife in community property grow out of the marriage contract, and do not originate in its dissolution. Walton's Civil Law in Spain, 32, 42.

Upon the death of the wife her heirs inherit her share of

the community property. An inheritable interest passes. They could not inherit unless their ancestor was owner. *Dixon* v. *Dixon's Executors*, 4 La. 188; *Thompson* v. *Cragg*, 24 Texas, 582; *Crary* v. *Field*, 9 N. Mex. 222; Upton and Jennings' Civil Laws of La., Art. 2392; *Warburton* v. *White*, 176 U. S. 484; *Garrozi* v. *Dastas*, 204 U. S. 64; *Garosi* v. *Garosi*, 1 Porto Rico Fed. Rep. 230; *Aran y Aran* v. *Fritze*, 3 P. R. Fed. Rep. 509; *Martinez* v. *May*, 5 P. R. Fed. Rep. 582; *Scott* v. *Maynard*, Dallam's Decisions (Tex.), 548.

Upon desertion of the husband the wife may administer and sell community property. *Wright* v. *Hays*, 10 Texas, 130; Codigo Civil (Chihuahua), Art. 1903; Civil Code of Mex. Fed. Dist. and Territories, Art. 2031; Walton's Civil Law, Art. 1441; Schmidt's Civil Law, Art. 42; and see *Parker* v. *Chance*, 11 Texas, 513; *Cheek* v. *Bellows*, 17 Texas, 613; *Fullerton* v. *Doyle*, 18 Texas, 4; *Babb* v. *Carroll*, 21 Texas, 765; *Forbes* v. *Moore*, 32 Texas, 196; *Johnson* v. *Harrison*, 48 Texas, 257; *Verimendi* v. *Harrison*, 48 Texas, 531; *Zimpleman* v. *Robb*, 53 Texas, 274; *Caruth* v. *Grigsby*, 57 Texas, 265; *Slater* v. *Neal*, 64 Texas, 222; *Edwards* v. *Brown*, 68 Texas, 329; *Patty* v. *Middleton*, 82 Texas, 586.

The wife may by will dispose of her share of community property. Section 2030, New Mex. Comp. Laws (1897); Pedro Murillo Velarde's Practica de Testamentos; Schmidt's Civil Law, Art. 969; Upton and Jennings' Civil Law of La., Art. 133; Hall's Mexican Law, §§ 2707, 2669, 2671, 2677; Walton's Civil Law, Arts. 1392 *et seq.;* Arts. 1401, 1426, 1433, 1412 *et seq.*, 1435, 1436, 1441.

Not merely by way of analogy, but in fact, the community is a species of partnership. Walton's Civ. Law, Art. 1395; Schmidt's Civil Law, Arts. 43, 58, 728, 729; White's New Recopilacion, p. 60; Johnston's Civil Law of Spain, pp. 67, 69; Upton and Jennings' Civ. Law of La., Art. 2312; Ballinger on Community Property, §§ 5, 88.

Community may be dissolved by confiscation of share of either spouse, but the other spouse is not thereby interfered with in the rights to his or her share. The heirs of deceased spouse and surviving spouse may form a new community. The wife may renounce her community rights. Schmidt's Civil Law of Spain and Mexico.

Upon the death of the husband, the wife is entitled to half of community property not as heir nor through arbitrary divesting from husband, but by virtue of her community right. *Kircher* v. *Murray,* 54 Fed. Rep. 617 (Tex.); Pedro Murillo Velarde, as quoted in 9 N. Mex. 205.

If no issue, upon death of one spouse the other does not inherit, but share of deceased in community property escheats. *Babb.* v. *Carroll,* 21 Texas, 765, citing Spanish authorities.

The wife loses her gains in community property if she commits adultery. Absolute ownership means the right to enjoy and dispose of property as one pleases (by testament or otherwise).

*Mr. J. H. Paxton* for appellee:

The Spanish-Mexican law as to community or acquest property became the law of the Territory of New Mexico from the time of the cession by Mexico, and is still in force in so far as the same has not been modified by statute. *Strong* v. *Eakin,* 11 N. Mex. 113; *Reade* v. *De Lea,* 95 Pac. Rep. 132.

The laws in force where a contract is made and where it is to be performed enter into it and form a part of it as if they were expressly referred to or incorporated in its terms, and this is true of a contract of marriage. *Von Hoffman* v. *Quincy,* 4 How. 535; *McCreary* v. *Davis,* 28 L. R. A. 658; *Gaines* v. *Gaines,* 9 B. Mon. (Ky.) 306; *Dixon* v. *Dixon's Executors,* 4 La. Ann. 188. No State shall pass any law impairing the obligation of contracts. Fed. Const., Art. I, § 10.

The extent of the impairment of the obligations of a contract is immaterial. Whatever legislation diminishes the efficacy impairs the obligation. *Ranger* v. *New Orleans*, 102 U. S. 206.

A vested right means the power to do certain actions or possess certain things according to the laws of the land. *Calder* v. *Bull*, 3 Dall. 394; *Bailey* v. *P. W. & B. R. R. Co.*, 4 Harr. (Del.) 389; *Chicago City Ry. Co.* v. *Chicago*, 142 Fed. Rep. 847; *Mandelbaum* v. *McDonnell*, 29 Michigan, 78.

Under the Spanish-Mexican community property law, in force in New Mexico when the marriage was celebrated and when the land in question in this suit was acquired, the husband acquired said land by an absolute and vested title, during the subsistence of the community, save only that he could not dispose of said land in fraud of his wife's expectancy; and the wife, during the subsistence of the community, acquired no vested interest or title in or to said land, but only a revocable and fictitious ownership or a mere expectancy. Escriche, Diccionario Razonada de Legislacion y Jurisprudencia, tom. II, p. 86 (Bienes Gananciales); Febrero, Bk. 1, chap. 4, paragraph 1, Nos. 29 and 30; Tapia on Febrero, vol. 1, chap. 8, §§ 17 and 20; Schmidt's Civil Law of Spain and Mexico, Art. 51 (quoted in Ball., Comm. Prop., p. 396); Ballinger on Community Property, §§ 5, 6; *Barnett* v. *Barnett*, 9 N. Mex. 213, 214; *Hagerty* v. *Harwell*, 16 Texas, 665, 666.

There is no restraint on the power of the husband to alienate a portion of the community property after suit for divorce begun unless such alienation is made with a fraudulent view of injuring the rights of the wife. *Meyer* v. *Kinzer*, 12 California, 247; and see *People* v. *Swalm*, 80 California, 46; *Greiner* v. *Greiner*, 58 California, 119; *Spreckels* v. *Spreckels*, 116 California, 339; *Guice* v. *Lawrence*, 2 La. Ann. 226.

The provisions of our Code on the same subject are the

embodiment of those of the Spanish law, without any
change. The wife's interest is a mere expectancy, like
the interest an heir possesses in the property of the an-
cestor. *Van Maren* v. *Johnson*, 15 California, 312;
*Packard* v. *Arellanes*, 17 California, 539. Where the mar-
riage is dissolved by the death of the wife her descendants
succeed to the interest to which she would otherwise be
entitled. They do not, however, succeed to such interest
as a portion of her estate, but because it is vested in them
by the statute. *Garrozi* v. *Dastas*, 204 U. S. 79; *Reade* v.
*De Lea*, 95 Pac. Rep. 131.

Under the Spanish-Mexican law the wife is neither a
necessary nor a proper party to a suit involving title to
community property. Consequently she has no legal or
equitable vested interest therein. The title must vest
somewhere. Where but in the husband? *Althof* v. *Con-
heim*, 38 California, 230; *Jergens* v. *Schiele*, 61 Texas, 255;
*Bofil* v. *Fisher*, 3 Rich. Eq. (S. Car.) 1. All persons imme-
diately interested, or who may be benefited or injured by a
decree, should be made parties to a suit. *Bent* v. *Maxwell
L. G. & Ry. Co.*, 3 N. Mex. 244; *Mandelbaum* v. *Mc-
Donnell*, 29 Michigan, 78.

No State shall make or enforce any law which shall de-
prive any person of property without due process of law.
Fed. Const., Amendment XIV.

The marriage having been contracted under the
Spanish-Mexican law, the husband's right to dispose of
the community property cannot be taken away or im-
paired, as to property already acquired, by a statute
enacted subsequently to the acquisition of the property
and the vesting of the right. *Spreckels* v. *Spreckels*, 116
California, 339; *Moreau* v. *Detchemendy*, 18 Missouri, 526;
*Maynard* v. *Hill*, 125 U. S. 206; *Westervelt* v. *Gregg*, 12
N. Y. 205; *Sutton* v. *Askew*, 66 N. Car. 172; Cooley,
Const. Lim., 7th ed., 513. The husband's tenancy by the
curtesy initiate is a vested right, not subject to legislative

interference. *Rose* v. *Rose*, 104 Kentucky, 48; *Gladney* v. *Sydnor*, 172 Missouri, 318; *Huber* v. *Merkel*, 117 Wisconsin, 355.

As to the statutory doctrine of the State of Washington, see Hill's Wash. Stat., § 1402; Ballinger, Comm. Prop., 372, 373; and as to right of wife to hold property and maintain action, see Hill's Wash. Stat., §§ 1399, 1400; Ballinger, Comm. Prop., 371, 372; *Brotton* v. *Langert*, 1 Washington, 78, 82; *S. C.* 23 Pac. Rep. 688; *Littell* v. *Miller*, 3 Washington, 280; *Holyoke* v. *Jackson*, 3 Washington, 235; *Mabie* v. *Whittaker*, 39 Pac. Rep. 172; *Hill* v. *Young*, 7 Washington, 33, 34; *Warburton* v. *White*, 176 U. S. 484.

The wife's community property right is in effect a form of dower. *Beard* v. *Knox*, 5 California, 252. As to the wife's administration of community property during husband's absence, see *Cheek* v. *Bellows*, 17 Texas, 613; *Kelley* v. *Whitmore*, 41 Texas, 648; *Zimpleman* v. *Robb*, 63 Texas, 274; *Fullerton* v. *Doyle*, 18 Texas, 3; *Walker* v. *Stringfellow*, 30 Texas, 570; *Bennett* v. *Montgomery*, 22 S. W. Rep. 115; *Slater* v. *Neal*, 64 Texas, 224; *Heidenheimer* v. *Thomas*, 63 Texas, 287; *Lodge* v. *Leverton*, 42 Texas, 18; *Clements* v. *Ewing*, 71 Texas, 371; *Carothers* v. *McNeese*, 43 Texas, 224.

According to the Spanish law the husband was, at the time of the treaty of Guadalupe-Hidalgo and of the Gadsden purchase, in effect the absolute owner of the community property during the subsistence of the matrimony, but he could not defraud the wife of her expectancy. *Garrozi* v. *Dastas*, 204 U. S. 81; Schmidt, Laws of Spain and Mexico, 87, 98; and see as to general legislation of Spain, Fuero Juzgo (7th century); Fuero Real (1255); Siete Partidas (1348); Nueva Recopilacion (1547); Novisima Recopilacion (1805); and see also *Van Maren* v. *Johnson*, 15 California, 311; Justice Swayne, dissenting, in *United States* v. *Castillero*, 2 Black, 17; 1 White's New Recop., Tit. II, Cap. 1 (p. 85).

Statutes should not be allowed a retroactive operation, where this is not required by express command or by necessary and unavoidable implication. *Ingoldsby* v. *Juan*, 12 California, 577; *Nilson* v. *Sarment*, 153 California, 524; *Jordan* v. *Fay*, 98 California, 264; *Murray* v. *Gibson*, 15 How. 423; *Potter* v. *Rio Arriba L. & C. Co.*, 4 N. Mex. 661, 664.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit to quiet title brought by the appellee against the widow of Adolpho Lea, for whom her heirs were substituted upon her decease. Adolpho. Lea married in 1857. He bought the land in question in 1889 and 1893 and it became community property. In 1902 he sold it to the appellee, shortly before his death in the same year, his wife not joining in the conveyance. By the laws of New Mexico of 1901, c. 62, § 6, (a) "neither husband nor wife shall convey, mortgage, incumber or dispose of any real estate or legal or equitable interest therein acquired during coverture by onerous title unless both join in the execution thereof." The courts of New Mexico gave judgment for the plaintiff on the ground that the husband had vested rights that would be taken away if the statute were allowed to apply to land previously acquired; citing *Guice* v. *Lawrence*, 2 La. Ann. 226, *Spreckels* v. *Spreckels*, 116 California, 339, etc. The defendants appealed to this court.

There was some suggestion at the argument that the husband acquired from his marriage rights by contract that could not be impaired, but of course there is nothing in that, even if it appeared, as it does not, that the parties were married in New Mexico, then being domiciled there. *Maynard* v. *Hill*, 125 U. S. 190, 210 *et seq.; Baker* v. *Kilgore*, 145 U. S. 487, 490, 491. The Supreme Court does not put its decision upon that ground, but upon the notion

that during the joint lives the husband was in substance
the owner, the wife having a mere expectancy, and that
the old saying was true that community is a partnership
which begins only at its end. We do not perceive how
this statement of the wife's position can be reconciled
with the old law of New Mexico embraced in §§ 2030,
2031 of the Compiled Laws, 1897, referred to in the dis-
senting opinion of Abbott, A. J., that after payment of the
common debts, the deduction of the survivor's separate
property and his half of the acquest property, and subject
to the payment of the debts of the decedent, the remainder
of the acquest property and the separate estate of the
decedent shall constitute the body of the estate for descent
and distribution, and in the absence of a will shall descend,
one-fourth to the surviving husband, etc. For if the wife
had a mere possibility, it would seem that whatever went
to the husband from her so-called half would not descend
from her, but merely would continue his. The state-
ment also directly contradicts the conception of the com-
munity system expressed in *Warburton* v. *White*, 176 U. S.
484, 494, that the control was given to the husband, "not
because he was the exclusive owner, but because by law
he was created the agent of community." And notwith-
standing the citation in *Garrozi* v. *Dastas*, 204 U. S. 64,
of some of the passages and dicta from authors and cases
most relied upon by the court below, we think it plain
that there was no intent in that decision to deny or qual-
ify the expression quoted from *Warburton* v. *White*. See
*Garrozi* v. *Dastas*, 204 U. S. 78. Los bienes que han ma-
rido y muger que son de ambos por medio. Novisima Re-
copilacion, Book 10, Title 4, Law 4.

It is not necessary to go very deeply into the precise
nature of the wife's interest during marriage. The dis-
cussion has fed the flame of juridical controversy for
many years. The notion that the husband is the true
owner is said to represent the tendency of the French

customs. 2 Brissaud, Hist. du Droit Franç. 1699, n. 1. The notion may have been helped by the subjection of the woman to marital power; 6 Laferrière, Hist. du Droit Franç. 365; Schmidt, Civil Law of Spain and Mexico, Arts. 40, 51; and in this country by confusion between the practical effect of the husband's power and its legal ground, if not by mistranslation of ambiguous words like *dominio*. See *United States* v. *Castillero*, 2 Black, 1, 227. However this may be, it is very plain that the wife has a greater interest than the mere possibility of an expectant heir. For it is conceded by the court below and everywhere, we believe, that in one way or another she has a remedy for an alienation made in fraud of her by her husband. Novisima Recopilacion, Book 10, Title 4, Law 5. Schmidt, Civil Law of Spain and Mexico, Art. 51. *Garrozi* v. *Dastas*, 204 U. S. 64, 78. We should require more than a reference to *Randall* v. *Krieger*, 23 Wall. 137, as to the power of the legislature over an inchoate right of dower to make us believe that a law could put an end to her interest without compensation consistently with the Constitution of the United States. But whether it could or not, it has not tried to destroy it, but, on the contrary, to protect it. And as she was protected against fraud already, we can conceive no reason why the legislation could not make that protection more effectual by requiring her concurrence in her husband's deed of the land.

*Judgment reversed.*

MR. JUSTICE McKENNA, dissenting.

I dissent from the opinion and judgment of the court for the reasons set forth in the opinion of the Supreme Court of New Mexico. See also *Spreckels* v. *Spreckels*, 116 California, 339.