**FISH et al. v. HELVERING, Com'r of Internal Revenue (two cases).**

Nos. 6138, 6139.

United States Court of Appeals for the District of Columbia.

Argued Nov. 12, 1934.

Decided Dec. 31, 1934.

Llewellyn A. Luce, of Washington, D. C., for petitioners.

Sewall Key, E. Barrett Prettyman, and Carlton Fox, all of Washington, D. C., for respondent.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

These two appeals, consolidated for trial both here and below, come from the Board of Tax Appeals, where deficiencies in estate and gift taxes were found against the taxpayer. Petitioners are the son and son-in-law of H. H. Fish, late a resident of Alameda county, Cal., of whose will they are executors.

Mr. Fish, Sr., died on August 26, 1925, leaving a widow and six children, all adults. The evidence shows that 18 years before his death Mr. Fish retired from active business, and though in 1920 his physician advised him that his arteries were hardening, he enjoyed good health at 76 years of age until an attack of influenza followed by three strokes of apoplexy caused his death.

Having indicated to his wife and children his wish that they should share his real estate among themselves, in September, 1924, Mr. and Mrs. Fish joined in conveying six-twelfths thereof to herself and one-twelfth to each of the children, the value being $300,000.

Without recording these deeds Mr. Fish placed them in his safe-deposit box, to which his wife and daughter had access as well as himself, and where they remained until the day before his death, when he was in ex-

tremis, and when his wife had them recorded.

From the execution of these deeds until prevented by his illness, Mr. Fish collected the income of the property, which he deposited in bank and drew upon.

From time to time he gave certain moneys to his wife and children, but the evidence is too indefinite as to amounts and recipients to indicate a division of that income.

From a decision by the Board that the property was subject to both estate and gift taxes, we have these appeals, where it is contended that the conveyances were not made in contemplation of death within the purview of the statute, and that the deed to the wife was for a valuable consideration and not a gift subject to tax. The controlling statute is the Revenue Act of 1924, § 302 (a–c), 26 USCA § 1094 [note] which provides that:

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) To the extent of the interest therein of the decedent at the time of his death * * *;

"(b) To the extent of any interest therein of the surviving spouse, existing at the time of the decedent's death as dower, curtesy, or by virtue of a statute creating an estate in lieu of dower or curtesy;

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for a fair consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this chapter. * * *"

This decedent did transfer a material part of his property within two years of his death, and, consequently, within the act unless the contrary be affirmatively shown. ▪ And the petitioners undertook to show both that the conveyances were not made in contemplation of death in the sense of the statute, and that the conveyance to the wife was made for a fair consideration in money's worth, on the theory that she relinquished her community interest in the half of the property conveyed to the children in return for the conveyance made to herself.

Whether the conveyance was made in contemplation of death is an issue of fact presented on evidence and decided by the Board against the petitioners. Such decisions are rarely reversed by the courts, even where the opinion of the judges may differ from the Board as to the weight of the evidence.

Act Feb. 26, 1926, c. 27, § 1003, 44 Stat. 110 (26 USCA § 1226) evidence. Henderson Iron Works v. Blair, 58 App. D. C. 114, 25 F.(2d) 538; Rosenberg v. Lucas, 59 App. D. C. 178, 37 F.(2d) 808; Avery v. Commissioner Internal Revenue (C. C. A.) 22 F. (2d) 6, 55 A. L. R. 1277; Royal Packing Co. v. Commissioner Internal Revenue (C. C. A.) 22 F.(2d) 536; Neiman-Marcus Co. v. Lucas, 59 App. D. C. 328, 41 F.(2d) 300.

But this record contains an approved statement of evidence which we have examined to determine whether the law when applied to the facts sustains the petition.

George Feick & Sons Co. v. Blair, 58 App. D. C. 168, 26 F.(2d) 540. And we find this matter adds little to the case as we have stated it, and that our opinion as to the weight of the evidence does not differ from that of the Board.

It is argued that the petitioners presented five witnesses, while the respondent presented none; but it makes no difference from which side the persuading evidence comes, if the Board considers all evidence introduced on all sides.

▪ In respect of the gift tax laid upon the interest conveyed to Mrs. Fish, it is to be observed that while the deed to her was recorded on the day before her husband died, it was executed nearly a year before, and she contends that since she gave in return her community interest in the property then passing to her children, the conveyance to her was not a gift but a sale for valuable consideration.

The California Civil Code provides that "all other property acquired after marriage by either husband or wife, or both, including real property situated in this state * * * is community property. * * *" Section 164.

"The husband has the management and control of the community real property, but

the wife * * * must join with him in executing any instrument by which such community real property or any interest therein * * * is sold, conveyed, or encumbered. * * *" Section 172a.

"Upon the death of either husband or wife, one-half of the community property belongs to the surviving spouse; the other half is subject to the testamentary disposition of the decedent. * * *" Section 1401.

Exactly what interest a wife has in real estate during her husband's life under that and similar statutes in California has been much litigated in that state, and we find it difficult to ascertain from the cases to which we have been referred.

From the later cases it appears to be an expectancy plus, but to what extent plus is not clear.

And we do not stand alone in this difficulty, for in a recent decision of the Supreme Court (U. S. v. Robbins, 269 U. S. 315, 46 S. Ct. 148, 70 L. Ed. 285) it is said: "Elaborate argument was devoted to the question whether the interest of a wife in community property has the relatively substantial character in California that it has in some other States. That she has vested rights has been determined by this Court with reference to some jurisdictions, * * * and the Treasury Department has carried those rights to the point of allowing a division in the return of community income in other States where the community system prevails. * * * Its adoption of a different rule for California was based, we presume, upon the notion that in that State a wife had a mere expectancy while the husband was alive.

"If on the whole this notion seems to us to be adopted by the California courts it is our duty to follow it, so far as material, even if contrary expressions should be found here or there in the books; and it is no concern of ours whether the prevailing decision is a legitimate descendant from its parent the Spanish law or otherwise. We can see no sufficient reason to doubt that the settled opinion of the Supreme Court of California, at least with reference to the time before the later statutes, is that the wife had a mere expectancy while living with her husband. The latest decision that we have seen dealing directly with the matter explicitly takes that view, says that it is a rule of property that has been settled for more than 60 years, and shows that Arnett v. Reade, 220 U. S. 311, 31 S. Ct. 425, 55 L. Ed. 477, 36 L. R. A. (N. S.) 1040, would not be followed in that State."

Since that decision, and in 1926, the situation has been elaborately reviewed by the Supreme Court of California in Stewart v. Stewart, 199 Cal. 318, 249 P. 197, 208, where it was decided that the wife was not "the owner of an undivided one-half valid present vested interest," as had been held below; yet that her estate was much more definite and present than that of an heir; and that California was as much entitled as New Mexico or Texas or Washington to adopt its own interpretation of the meaning of Spanish and Mexican laws relating to a wife's interest in community property.

While the Circuit Court of Appeals for the Ninth Circuit, sitting in California, soon announced that the ground of decision given in the Stewart Case does not materially distinguish a wife's community interest in California from her inchoate right of dower elsewhere. Talcott v. U. S., 23 F.(2d) 900.

But whatever else it may be, her community estate is certainly a statutory substitute for dower, and, consequently, falls within the expressed provisions of the taxing act controlling this matter.

"Our statute has done away with the common law of right of dower, and substituted in place, a half interest in the common property." Beard v. Knox, 5 Cal. 252, 256, 63 Am. Dec. 125.

Though the California substitute is, perhaps, more liberal to the wife than the usual dower estate, by the conveyances here in question Mrs. Fish received the very interest she claims to have given. And in a state where the law of dower prevails a husband may make a gift of real property to his wife, or, if she joins in the deed, to another.

For her signature to such a deed, a wife may—and she frequently does—exact a consideration, but there is no evidence in this record that Mrs. Fish did so, or that either she or her husband intended that her signature to the deed to their children should serve as a valuable consideration for the deed to herself.

On the contrary, the evidence indicates that both husband and wife regarded the conveyances as gifts when they were made, and we are of opinion that the decision of the Board of Tax Appeals was right in respect of both taxes, and it is therefore affirmed.

Affirmed.