In the Matter of the Estate of
**ROSENA ELFREDA SEBASTIAN,**
**Deceased**

Probate No. 11-1941
District Court of the Virgin Islands
Div. of St. Thomas and St. John at
Charlotte Amalie
May 29, 1942

MOORE, *Judge*

The claimant herein, Elizabeth Griffith, is the widow of one Phillip Griffith, deceased. Claimant and the said Phillip Griffith, deceased, were married in the town of Charlotte Amalie, St. Thomas, Virgin Islands, on October 19, 1914, and were never divorced. Both parties resided in the Virgin Islands from the time of said marriage until the death of the said Phillip Griffith on October 29, 1940.

At the time of the marriage between the claimant herein and the said Phillip Griffith, the Danish law of community property was in force and effect in the Virgin Islands which was then a Danish possession.

On March 31, 1917, the United States Government purchased the Virgin Islands from the government of Denmark.

On March 17, 1921, the present code of laws was adopted and approved for the Virgin Islands.

The above code provides respective and separate estates for both husband and wife, and also provides dower estates in the husband's property and curtesy estates in the wife's property█. It is also provided in sec. 2, chapter 15, Title II (15 V.I.C. § 83 note), that "a husband or wife shall, by their joint deed convey his or her or their real estate." (See Title II, Civil Law, chapter 1, "Husband, Wife and Marriage"; chapter 11, "Of Estates in Dower"; chapter 12, "Of Estate by Curtesy"; chapter 14, "Of the Property of Married Women"; and chapter 15, "Of Conveyance of Real Property." [15 V.I.C. §§ 83 note, 356; 16 V.I.C. §§ 68, 68 note, 69-71])

On March 12, 1917, the said Phillip Griffith became seized of a parcel of real property designated as No. 1A Small Straede, Charlotte Amalie, St. Thomas, Virgin Islands, through purchase.

Similarly, on September 22, 1922, the said Phillip Griffith became seized of a parcel of real property designated as No. 6A Domini Tver Gade, Charlotte Amalie, Saint Thomas, Virgin Islands, through purchase.

On July 27, 1936, the said Phillip Griffith sold the Parcel No. 1A Small Straede, to Elfreda Rosena Augusta Sebastian, the decedent herein, his wife, Elizabeth Griffith, not joining in the conveyance. Similarly on July 6, 1937, the said Philip Griffith, sold the parcel No. 6A Domini Tver Gade to the said Elfreda Rosena Augusta Sebastian, the decedent herein, his wife, Elizabeth Griffith, not joining in the conveyance.

The said Phillip Griffith died on October 29, 1940. The said Elfreda Rosena Augusta Sebastian, decedent herein, died intestate June 22, 1941. Her estate was filed for probate in this court on August 5, 1941, the petition stat-

ing that she is survived by Beatrice Wallace, Hugo Wallace, and Sydney Luther, her heirs herein.

This claim is filed by Elizabeth Griffith, the widow of Phillip Griffith, against the decedent estate of Elfreda Rosena Augusta Sebastian to enforce community property interests in property No. 1A Small Straede, and dower interests in property No. 6A Domini Tver Gade.

■-■ It has been argued, in the present case, that Phillip Griffith and Elizabeth Griffith, having been married in the Virgin Islands at the time that the law of community property existed here, the husband acquired from that marriage certain rights by contract, which rights could not be impaired. And in this connection it is further argued that among the rights so acquired by the marriage contract is the right of the husband under the old Danish law to convey the community property without the wife's consent or joinder, and that this right so acquired was a vested or substantive right, of which the statute of March 17, 1921 (1921 Code), could not, and therefore did not, divest him.

The best available statement, in English, of the Danish law, which was in force and effect in the Virgin Islands, is as follows:

"In the Colonial Law for the Danish West Indies of 27th November 1863, § 67, and of 6th April 1906, it is enacted: 'Danish Law and Jurisdiction shall also in future be in force in the Colonies with the prescriptions in detail, which the laws and ordinances ordain.' With regard to the law in Denmark concerning Community Property between husband and wife, the rule is that 'when nothing else is stipulated in a marriage contract or with regards to inheritance by will, all property, also real estate, belonging to husband and wife, is Community Property, no matter which of them have acquired the property,' and the husband alone can dispose inter vivos of the Community Property both real estate and other property, and the wife has no legal influence on his disposal. The Community Property does not, however, belong to the husband, but the husband and wife each owns one-half of the

41

property; in consequence hereof, the heirs of the husband, on his death, and the heirs of the wife, on her death, inherit the deceased's share, and neither husband nor wife can by dispositions mortis causa, dispose of the other's share."

In addition to the above statement of the Danish law which was applicable in the Virgin Islands prior to March 17, 1921, there was enacted in Denmark by the law of NR 75 of April 7, 1899, certain rules for husband and wife concerning property. Among the rules so enacted in Denmark is the following rule:

"Further, the husband must not in any one year, without permission from the wife, contract any obligation whereby he, by deed or gift, reduces the community property with more than 5%."

Although we have no indication that this latter rule or other later provisions of the Danish law were given effect in the Virgin Islands, nor have we the decisions of any of the Danish courts on them, nevertheless they do give us some additional light on the theory in the Danish law itself and indicate that this power to convey was given to the husband only because the law regarded or constituted him the agent of the community property.

The United States Supreme Court, however, has clearly considered and passed upon the identical question involved in this case, in its opinion in the case of Arnett v. Reade, 220 U.S. 311, 31 S. Ct. 425, 55 L. Ed. 477. The facts in that case were as follows:

"This is a suit to quiet title, brought by the appellee against the widow of Adolpho Lea, for whom her heirs were substituted upon her decease. Adolpho Lea married in 1857. He bought the land in question in 1889 and 1893, and it became community property. In 1902 he sold it to the appellee, shortly before his death in the same year, his wife not joining in the conveyance. By the laws of New Mexico of 1901, chap. 62, § 6(a), 'neither husband nor wife' shall convey, mortgage, encumber, or dispose of any

42

real interest or legal or equitable interest therein acquired during coverture by onerous title unless both join in the execution thereof.' The courts of New Mexico gave judgment for the plaintiff on the ground that the husband had vested rights that would be taken away if the statute were allowed to apply to land previously acquired; citing Guice v. Lawrence, 2 La. Ann. 226, Spreckels v. Spreckels, 116 Cal. 339, 36 L.R.A. 497, 58 Am. St. Rep. 170, 48 Pac. 228, etc. The defendants appealed to this court."

Mr. Justice Holmes delivered the opinion in that case, which opinion states in direct language that there is no merit in the argument that the husband acquired contractual rights from the marriage which could not be impaired by the passage of a statute similar to the one here in the Virgin Islands. We quote:

"There was some suggestion at the argument that the husband acquired from his marriage rights by contract that could not be impaired; but of course there is nothing in that, even if it appeared, as it does not, that the parties were married in New Mexico, then being domiciled there. Maynard v. Hill, 125 U.S. 190, 210, 8 S. Ct. 723, 31 L. Ed. 654, 658 et seq.; Baker v. Kilgore (Neilson v. Kilgore), 145 U.S. 487, 490, 491, 12 S. Ct. 943, 36 L. Ed. 786-788."

The above opinion further holds that the power of the husband, under community property laws, to convey the community property without the joinder of the wife, was not a vested right, but one growing out of the fact that the community property laws constituted him the agent of the community property. Continuing the above quotation in that case, it is stated:

"The supreme court does not put its decision upon that ground, but upon the notion that, during the joint lives, the husband was in substance the owner, the wife having a mere expectancy, and that the old saying was true, that community is a partnership which begins only at its end. We do not perceive how this statement of the wife's position can be reconciled with the old law of New Mexico embraced in §§ 2030, 2031 of the Compiled Laws 1897, referred to in the dissenting opinion of Abbott, A. J., that after payment of the common debts, the deduction of the survivor's

separate property and his half of the acquest property, and subject to the payment of the debts of the decedent, the remainder of the acquest property and the separate estate of the decedent shall constitute the body of the estate for descent and distribution, and, in the absence of a will, shall descend, one fourth to the surviving husband, etc. For if the wife had a mere possibility, it would seem that whatever went to the husband from her so-called half would not descend from her, but merely would continue his. The statement also directly contradicts the conception of the community system expressed in Warburton v. White, 176 U.S. 484, 494, 20 S. Ct. 404, 44 L. Ed. 555, 559, that the control was given to the husband, 'not because he was the exclusive owner, but because by law he was created the agent of community.' And notwithstanding the citation in Garrozi v. Dastas, 204 U.S. 64, 27 S. Ct. 224, 51 L. Ed. 369, of some of the passages and dicta from authors and cases most relied upon by the court below, we think it plain that there was no intent in that decision to deny or qualify the expression quoted from Warburton v. White. See 204 U.S. 78. Los bienes que han marido y mujer que son de ambos por medio. Novisima Recopilacion, Bk. 10, title 4, Law 4."

We note, therefore, the similarity between the old law of New Mexico, referred to above, as expressed in sections 2030 and 2031 of the Compiled Laws of 1897, and the foregoing statement in the old Danish community property laws, formerly applicable in the Virgin Islands, the rule in the Virgin Islands being, "The Community Property does not, however, belong to the husband, but the husband and wife each owns one-half of the property; in consequence hereof, the heirs of the husband, on his death, and the heirs of the wife, on her death, inherit the deceased's share, and neither husband nor wife can by dispositions mortis causa, dispose of the other's share." The above opinion of the Supreme Court, however, states in conclusion:

"It is not necessary to go very deeply into the precise nature of the wife's interest during marriage. The discussion has fed the flame of juridical controversy for many years. The notion that the husband is the true owner is said to represent the tendency

44

of the French customs. 2 Brissaud, Hist. du Droit Franc. 1699, n.l. The notion may have been helped by the subjection of the woman to marital power (6 Laferriere, Hist. du Droit Franc. 365; Schmidt, Civil Law of Spain and Mexico, arts. 40, 51), and in this country by confusion between the practical effect of the husband's power and its legal ground, if not by mistranslation of ambiguous words like dominio. See United States v. Castillero, 2 Black 17, 227, 17 L. Ed. 360, 400. However this may be, it is very plain that the wife has a greater interest than the mere possibility of an expectant heir. For it is conceded by the court below and everywhere, we believe, that in one way or another she has a remedy for an alienation made in fraud of her by her husband. Novisima Recopilacion, Bk. 10, title 4, Law 5; Schmidt, Civil Law of Spain and Mexico, art. 51; Garrozi v. Dastas, 204 U.S. 64, 78, 27 S. Ct. 224, 51 L. Ed. 369, 378. We should require more than a reference to Randall v. Kreiger, 23 Wall. 137, 23 L. Ed. 124, as to the power of the legislature over an inchoate right of dower, to make us believe that a law could put an end to her interest without compensation consistently with the Constitution of the United States. But whether it could or not, it has not tried to destroy it, but on the contrary, to protect it. And as she was protected against fraud already, we can conceive no reason why the legislation could not make that protection more effectual by requiring her concurrence in her husband's deed of the land. — Judgment reversed."

See also Mabie v. Whittaker, State of Washington, 39 Pac. 172, and Speckels v. Speckels, State of California, 48 Pac. 228, and Dixon v. Dixons, Ex.S., State of Louisiana, 23 Am. Dec. 478.

Consequently, it is the opinion of this court that:

1. The property No. 1A Small Straede, acquired in the Virgin Islands by Phillip Griffith on March 12, 1917, and prior to March 17, 1921, was community property between the said Phillip Griffith and his said wife Elizabeth Griffith, and was therefore owned by them in shares of one-half each; that the Code of March 17, 1921, made it necessary that any subsequent alienation of the said property should be by joint deed of both parties; that the deed

of conveyance executed by Phillip Griffith on July 27, 1936, and after March 17, 1921, could not and did not convey the one-half interest in the said property then owned by his wife, Elizabeth Griffith, the said Elizabeth Griffith not joining in the said deed of conveyance.

■ ■ That the property No. 6A Domini Tver Gade acquired in the Virgin Islands by Phillip Griffith on September 22, 1922, and subsequent to the enactment of the present Code on March 17, 1921, became subject to the dower interest of the said Elizabeth Griffith, his wife; and that the deed of conveyance executed by the said Phillip Griffith on July 6, 1937, could not and did not convey her dower interest in the said property, the said Elizabeth Griffith not joining in said deed.

3. That the claimant herein, the said Elizabeth Griffith, wife of Phillip Griffith, is entitled to one-half interest as of July 27, 1936, in the property known and described herein as No. 1A Small Straede; and that the claimant herein, the said Elizabeth Griffith, wife of Phillip Griffith, is entitled to dower interest as of July 6, 1937, according to statute, in the property known and described herein as No. 6A Domini Tver Gade.

4. Findings of fact and decree may be submitted in accordance with the foregoing opinion.