**In the Matter of the Estate of**

**AARON SAMUEL,**
**Deceased**

Probate No. 13 - 1944

District Court of the Virgin Islands

Div. of St. Croix at Christiansted

District Court Commissioner

July 23, 1945

**CYRIL MICHAEL,** *District Court Commissioner*

This matter came on for the entry of final adjudication on a petition for distribution.

The decedent died at Christiansted on November 3, 1944, intestate, leaving a widow and three children, two by a former marriage.

The inventory of this estate consists of one piece of real property purchased by the decedent on May 6, 1929, and valued at $1,400.00, personal property valued at $157.00 and a savings account with the Virgin Islands National Bank in the sum of $130.48.

Aaron Samuel, the decedent, and his wife, Olga Samuel, were married on October 28, 1907, at a time when the law of community property was in force in this jurisdiction. In her petition for administration the widow alleges that the real property above-mentioned "was bought on the 6th day of May, 1929, with the earnings of petitioner and decedent."

This court has already held in effect In the Matter of the Estate of Rosena Elfreda Sebastian, Probate No. 11 - 1941, Division of St. Thomas, in its opinion dated May 29, 1942 (2 V.I. 38), that property acquired in the Virgin Islands by a husband subsequent to the enactment of the present Codes is subject only to the dower right

of the wife, even though the spouses were married when the Danish law of community property was in effect█.

█ This holding is proper, because the Legislature has the power to change the law before rights thereunder have become vested. The Legislature, therefore, having exercised this power with regard to rights of spouses in each other's property by the enactment of the Code of 1920█, which abolished the law of community property, this court cannot hold the above-mentioned real property to be community property. Bass v. Roanske Navigation Water Power Co., 19 L.R.A. 247, 253; Holbrook v. Finnay, 3 A.D. 243; Westervelt v. Gregg, 62 A.D. 160.

█ The mere declaration of the surviving spouse that the property was bought with earnings of petitioner and decedent would not be sufficient for the Court to find with any degree of certitude that the piece of property bought by the husband about nine years after that law was abrogated, is community property. To find thus, there must be positive proof before the Court.

It is the ruling of the Court, therefore, that the real property of this estate; to wit, No. 5B Fisher Street, Christiansted, St. Croix, is the property of the decedent and as such is distributable to the heirs of the decedent, subject to the dower interest of the widow, or a life estate in one-half thereof.

█ No inheritance tax is due on the life estate, but inheritance tax is due on the value of the inheritance falling to the heirs. (See opinion In the Matter of the Estate of Sarah Alice Dorothy Dyer, Deceased, and her surviving husband, William Alfred Dyer, Probate No. 12 - 1944, Division of St. Croix at Christiansted, entered this date [2 V.I. 375].)

█ The personal property, which the Court is satisfied is community property, is subject to the community debts

before any distribution can be made of the proceeds, as the net value of the community property cannot be determined and a division made before the community debts are deducted.

"The proprietary interest of a widow in community is necessarily contingent. She owns one-half of the residuum after the debts are paid. Until the debts are paid it cannot be certainly known whether there will be any residuum, or if any, what portion of the property will remain to constitute that residuum." 31 C.J. 184, note 20.

As the survivor under the present law of descent and distribution is entitled to the proceeds of the personal property belonging to decedent, the personal property after administration and other debts have been paid are to be distributed to the widow.

■ It is noted in the draft of adjudication submitted for signature, the attorney for the administrator wishes the Court to find he is entitled to a lien on the real property for his fee, which is unpaid. The Court has no such authority.

"The court cannot decree distribution subject to a lien of the representative for his compensation or for money expended by him for the benefit of the estate as such amount should be paid out of the estate before distribution." In re Sour 50 Pac. 587; Justus v. Beckle, 47 Pac. 10.

"Notwithstanding the unquestioned right of an executor or administrator to employ attorneys in reference to the settlements of estates and to be reimbursed for the expenses of counsel fees, an attorney employed by an executor or administrator of an estate must look for compensation to the personal representative who employed him, in his individual and not in his representative capacity; and for his services the executor is personally responsible." 11 R.C.L. 235.

"Subject to certain exemption hereinafter noted, services performed by an attorney for the benefit of an estate at the instance and request of the personal representative, are by the weight of authority individual obligations of the personal representative and not primarily a claim against the estate." 25 L.R.A. (n.s.) 72.

"Contracts of executors with attorneys for services to be rendered for the benefit of the estate they represent are their personal contracts, and do not bind the estate although the services rendered was such that the executor could properly have paid therefor out of the assets and been allowed for the expenditure in the settlement of the account, the principle being that the executor may disburse and use the funds of the estate for purposes authorized by law, but may not bind the estate by an executory contract and thus create a liability not founded upon the contract or obligation of the testator." Austin v. Munroe 47 N.Y. 360; 25 R.C.L. 72.

In view of this, the Court cannot adjudicate the real property in this estate, subject to a lien for attorney's fees.

Counsel will prepare for signature a decree consistent with this opinion.