Gerald DENNENBERG, Appellant,

v.

Victor MONSANTO, As the Administrator of the Estate of Emile Monsanto, Appellee.

CIV. A. Nos. 1999–187, 44/1982.

District Court, Virgin Islands, D. St. Thomas and St. John.

Oct. 26, 2001.

Michael C. Dunston, St. Thomas, VI, for Appellant.

William S. McConnell, Dudley, Topper & Feuerzeig, St. Thomas, VI, for Appellee.

## MEMORANDUM OPINION

PER CURIAM.

Gerald Dennenberg ["Dennenberg"] appeals the judgment of the Territorial Court awarding him attorney's fees in the amount of $15,811.54 plus interest at the statutory rate of nine percent per annum. For the reasons set forth below, we will affirm the judgment of the Territorial Court.

## I. PROCEDURAL BACKGROUND

In 1988, Dennenberg filed a motion to withdraw as co-counsel for the Estate of Emile Monsanto ["the estate"]. The court granted Dennenberg's motion and determined that he was entitled to $15,811.54 in attorney's fees. (*See* App. at 5–6.) The court directed that the fees be paid "as soon as funds become available from contemplated sale of some of the realty of the estate" but did not specify any terms of interest owed on the fees. (*Id.*)

In September, 1996, the court ordered the sale of some of the real property of the estate. Subsequently, in 1998, the court conducted a hearing to determine the amount to be paid to Dennenberg in satisfaction of the 1988 order granting attorney's fees. Dennenberg argued that the court should construe the fee award as a debt that the court must recalculate by determining the present value of the 1988 award amount. Dennenberg relied on V.I.

CODE ANN. tit. 15, § 425, "Status of debts that have not matured," to support his argument that he was entitled to the present value of $15,811.54 and not merely $15,811.54 plus the statutory rate of nine percent interest per year.

The trial judge, after hearing the testimony of Dennenberg's expert witness concerning the present value of the award, rejected Dennenberg's argument. The judge found that the 1988 award of fees was a mature debt, rendering section 425 inapplicable. He held that Dennenberg was entitled to an award of $15,811.54 payable at the statutory rate of nine percent interest from the date of the sale of the real property on November 12, 1996. (App. at 2.) Dennenberg filed this timely appeal.

## II. DISCUSSION

■ The Court has jurisdiction to review all judgments and orders of the Territorial Court rendered in civil cases. 4 V.I.C. § 33. Where the issues on appeal involve the application of legal precepts and statutory construction, our standard of review is plenary. *See Ross v. Bricker*, 26 V.I. 314, 318, 770 F.Supp. 1038, 1042 (D.V.I.1991).

■ Dennenberg maintains that the award of attorney's fees is a debt payable subject to the requirements of 15 V.I.C. § 425, which provides:

A debt due and payable is not entitled to preference over one of the same class not due if the latter is presented within the same period. A debt not due, whether contingent or absolute, upon being presented shall, if absolute, be satisfied by the payment of such sum as the court may prescribe by order to be equal to its present value, and if contingent, by the payment into the court for the benefit of the creditor, subject to the contingency, of a sum, to be ascertained in like manner, equal to its present value.

If section 425 applies, Dennenberg argues that the Territorial Court erred by failing to determine the present value of the 1988 award of $15,811.54. According to the evidence presented by Dennenberg to the Territorial Court, Dennenberg would be entitled to an award of $209,368.26 as of September, 30, 1999, under a section 425 present value calculation. (App. at 2, 7–9.)

Dennenberg's argument fails because an award of attorney's fees is not a debt of the estate. Section 425 is included within chapter 23 of title 15, addressing "Claims and Charges Against the Estate." The fees are not a debt owed by the estate, such as taxes or funeral charges, *see, e.g.,* 15 V.I.C. §§ 421, 424, but rather are deemed an expense of the administrator of the estate: "An ... administrator shall be allowed in the settlement of his account, all necessary expenses incurred in the care, management, and settlement of the estate, *including reasonable attorney's fees* in any necessary litigation or matter requiring legal advice or counsel." 15 V.I.C. § 568 (Emphasis added.); *see also In the Matter of the Estate of Samuel*, 2 V.I. 387, 390–91 (1945) (rejecting attorney's request for a lien against real property of the estate for payment of his fees because fees are obligations of the administrator and not a claim against the estate). Accordingly, an award for attorney's fees does not come within the ambit of section 425, which applies only to debts of the estate, but instead is subject to the statutory interest requirements. *See* 11 V.I.C. § 951(a)(1) ("The rate of interest shall be nine (9%) per centum per annum on—(1) all monies which have become due . . . .").

## III. CONCLUSION

The Territorial Court properly rejected Dennenberg's assertion that the 1988 award of attorney's fees was subject to the

requirements of 15 V.I.C. § 425. Although we find that the award of attorney's fees is an expense of the administrator of the estate and not a "mature debt" as the trial judge concluded, we affirm the Territorial Court's order awarding $15,811.54 in attorney's fees payable at the statutory interest rate of nine percent per annum.[1] An appropriate order is attached.

### ORDER

For the reasons set forth in the accompanying memorandum opinion of even date, it is hereby

**ORDERED** that the judgment of the Territorial Court dated September 30, 1999, is **AFFIRMED.** It is further

**ORDERED** that the Clerk shall issue the **MANDATE** in this matter in accordance with the Virgin Islands Rules of Appellate Procedure and then shall **CLOSE** this file.

---

**1.** We note that Dennenberg did not challenge the Territorial Court's determination that the interest was payable only from the date of the sale of the property, November 12, 1996, and not from the date the order awarding attorney's fees on October 28, 1988. Accordingly, we do not reach this issue.