# IN THE MATTER OF GUARDIANSHIP OF JAHLEEL KADEEM LAKE
# IN RE GUARDIANSHIP OF LAKE

Civ. App. No. 2003-165

District Court of the Virgin Islands

Division of St. Thomas

December 30, 2004

VERONICA HANDY, ESQ., St. Thomas, U.S.V.I., *Attorney for appellant.*

FINCH, *Chief Judge of the District Court of the Virgin Islands*; MOORE, *Judge of the District Court of the Virgin Islands*; and DONOHUE, *Judge of the Territorial Court, Division of St. Croix, sitting by designation*

## MEMORANDUM

(December 30, 2004)

### I. INTRODUCTION

This is an appeal from a Territorial Court order granting custody of Jahleel Lake to his father, Jerome Lake. The initial hearing before the court was scheduled for a guardianship hearing, requested by his mother so that relatives in Maryland could obtain guardianship of Jahleel during the school year. The Territorial Court interpreted a letter from the father responding to the notice for guardianship as a request for custody and granted custody of Jahleel Lake to his father at the hearing. Because a mother has a constitutional right to both notice and a hearing before she loses custody of a child, we will vacate the Territorial Court's order awarding custody of Jahleel to his father and will return sole custody to his mother. We will also vacate the order denying appellant's petition for temporary guardianship.

### II. FACTUAL AND PROCEDURAL HISTORY

Appellant Wendy Pascal is the mother of Jahleel Lake, age eleven. Jerome Lake is Jahleel's father. Wendy Pascal has had custody of her son for all of his life. In fact, Jerome Lake admitted that he has not paid child support since 1993 and that he calls his son names such as "faggit."

In July 2003, Pascal, acting *pro se,* sought an order of guardianship from the Territorial Court appointing her uncle and his wife temporary guardians of Jahleel just for the 2003-2004 school year. The purpose of the petition was to enable Jahleel to attend a better school in Fort Meade,

Maryland, while residing with his relatives. On July 17, 2003, the family court entered an order granting Mr. and Mrs. Pascal temporary guardianship of Jahleel for the 2003-2004 school year pending completion of service of publication. Shortly thereafter, Jahleel traveled to Maryland and began school.

On August 5, 2003, Lake wrote a letter objecting to the proposed guardianship and requesting full custody of Jahleel. On August 19, 2003, the Territorial Court issued an order for a hearing on the guardianship petition only, without mentioning that custody would also be considered. At the September 29, 2003 hearing, both Wendy Pascal and Jerome Lake, acting *pro se*, appeared and testified. The judge denied the petition for temporary guardianship, stripped Wendy Pascal of custody, and awarded full custody of. Jahleel to Jerome Lake. The Court ordered Lake to travel to Maryland to obtain custody of his son. As of the date the briefs were filed, Lake has failed to follow these orders and Jahleel remains in Maryland.

On September 29, 2003, Ms. Pascal wrote to Iver Stridiron, Esquire, then Attorney General of the Virgin Islands, requesting an appeal of the September 29, 2003 order. Attorney Stridiron forwarded the letter to the appropriate judge and on October 8, 2003, the Territorial Court entered an order interpreting Ms. Pascal's letter to the Attorney General as a notice of appeal. The trial judge entered an amended order on October 8, 2003 to correct an error in the names of the parties. Accordingly, a timely notice of appeal was filed. Jerome Lake has not filed a brief in this matter.

## III. JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to review final judgments and orders of the Territorial Court in all civil matters. *See* 4 V.I.C. § 33.[1] This Court's review of the trial court's application of legal precepts and statutory construction is plenary. *See Dennenberg v. Monsanto*, 168 F. Supp. 2d 494, 495 (D.V.I. App. Div. 2001); *Virgin Islands v. John*, 159 F. Supp. 2d 201, 205 (D.V.I. App. Div. 1999).

---

[1] *See* Revised Organic Act of 1954 § 23A; 48 U.S.C. § 1613a. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995 & Supp. 2002), *reprinted in* V.I. CODE ANN. 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp. 2004) (preceding V.I. CODE ANN. Tit. 1).

## IV. LEGAL ANALYSIS

We conclude appellant was denied due process when she failed to receive notice that the guardianship matter would be converted into an action for custody. Similarly, appellant was not given a constitutionally adequate hearing to deprive her of the custody of her son.

A parent's right to custody is a constitutionally protected Fourteenth Amendment right. *Stanley v. Illinois*, 405 U.S. 645, 31 L. Ed. 2d 551, 92 S. Ct. 1208 (1972). Under *Stanley*, all parents are guaranteed notice of a hearing and an evidentiary "hearing on their fitness before their children are removed from their custody." *Id. at 658*. In this case, the appellant was denied her Fourteenth Amendment right to the notice and opportunity to be heard regarding the custody of her child.[2] Under the Fourteenth Amendment, a hearing encompasses an opportunity appropriate to the nature of the case for a party to present her side of the matter in controversy. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652 (1950). It also generally means "a plenary hearing at which both sides are heard." *Klam v. Klam*, 797 F. Supp. 202 (E.D.N.Y. 1992).

In this case, appellant did not receive her constitutionally mandated notice or hearing. The only mention of custody was a line in appellee's answer to the petition for temporary guardianship stating that he desired full custody of his son. This brief sentence could not be construed as sufficient to inform appellant that the September 29, 2003 hearing would also determine custody, especially since the August 19, 2003 Notice of Hearing carried the sole caption of "Action for Guardianship."

Of even greater concern is the fact that appellant also did not receive a hearing to determine who would have custody of Jahleel. The Territorial Court seems to have confused the concepts of custody and guardianship. Guardianship is legally and fundamentally distinct from custody. It is created by statute and the standards for awarding guardianship are lesser than for depriving a mother of custody of her son. *See* 15 V.I.C. § 822. The guardianship that appellant requested was for a defined time and for the limited purpose of enabling the child to have a better educational opportunity. She did not propose giving up or

---

[2] The Fourteenth Amendment to the Constitution is made applicable to the Virgin Islands by § 3 of the Revised Organic Act of 1954, 48 U.S.C. § 1561.

transferring custody of her son to her aunt and uncle, but only to give them the legal authority to act as his guardian while he was in Maryland to attend school. Ms. Pascal had every right to expect that she would retain legal custody of Jahleel. She appeared *pro se* at the September 29, 2003 hearing, prepared for a hearing on whether her relatives would be granted guardianship of Jahleel. Instead, the judge improperly converted the hearing without notice into a proceeding to decide the issue of custody between Jahleel's father and appellant.

■ In addition, the hearing was grossly inadequate to determine custody. Under Virgin Islands law, in any legal proceeding involving the custody of a minor child, the best interests and welfare of the child is the controlling question. 16 V.I.C. § 109. At the September 29, 2003 hearing, there was no discussion of the best interests and welfare of the child. Morevoer, there was no evidence presented about Pascal's fitness as compared to Lake's fitness. Indeed, the only evidence that was presented regarding fitness of parents was evidence that Mr. Lake is inexcusably and grossly behind in paying court-ordered child support, having paid none since 1993. Almost as disturbing is Lake's penchant for calling his son inappropriate and sexually demeaning names. The information presented at this grossly inadequate hearing, if worthy of any consideration, indicated that Lake was not a suitable custodian for his son.

## V. CONCLUSION

The appellant did not receive a constitutionally guaranteed notice or hearing on the question of the custody of her son. The Territorial Court's order awarding custody of Jahleel Lake to his father shall be vacated and sole custody shall be returned to appellant. The Territorial Court's order denying appellant's petition for temporary guardianship shall also be vacated and the matter shall be remanded for further proceedings, if Ms. Pascal so requests, in accordance with the laws of the Virgin Islands regarding temporary guardianship of minor children.